### NAZRO & GREEN vs. FULLER & PATTERSON.

An alteration of a promissory note by the *payee* thereof, so as to make it purport to be *payable at a particular place*, vitiates it in the hands of an *endorsee*, so that he cannot recover upon it in an action against the maker.

If it be doubtful whether it be an alteration of the note or a mere memorandum by the payee indicating where the demand of payment should be made to charge him as *endorser*, the question, *it seems*, should be submitted to a jury.

THIS was an action of *assumpsit*, tried at the Rensselaer circuit in March, 1839.

The suit was by the plaintiffs as the endorsees of a promissory note against the makers. The note, *as appears from the bill of exceptions*, was in this form :

" $1000.                                    Ontario, 28th Jan'y, 1837.

One year from the first day of May next, we severally and jointly [ *375 ] promise to pay Northum & Foot or bearer, *one thousand dollars, for value received, and interest. *Payable at Wayne County Bank ;*"

Which was signed by the defendants and endorsed by the payees. The defendants offered to prove by one of the payees that after the note was made and delivered to the payees the latter without the knowledge or consent of the makers, added thereto the words " Payable at Wayne County Bank." This evidence was objected to by the counsel for the plaintiffs, and excluded by the judge. The defendants excepted, and thereupon the jury found a verdict for the plaintiffs for the amount of the note and interest. A bill of exceptions was duly tendered and signed, and on it the defendants moved for a new trial.

*S. Stevens*, for the defendants, insisted that the alteration of the note purported to make it a part of the contract that it should be paid *at the Wayne County Bank;* it did not purport to be a mere memorandum in the margin, but to be *a part* of the note and to form a part of the contract. It was therefore an alteration in a material part of the contract; and an alteration of a contract by a party to be benefitted by it, and who claims to enforce it, renders it wholly void. The evidence offered should therefore have been received.

*D. Gardner*, for the plaintiffs. The payees added a memorandum, but *not over* the names of the makers in these words, and in this form, at the left hand of the signatures, " Payable at Wayne County Bank." This did not alter the note, but merely indicated where the endorsers desired a demand to be made for the purpose of charging them. 1. The memorandum of the place of payment was immaterial as to the makers. *See Woolcot* v. *Van Santford*, 17 *Johns. R.* .248, 250, 252. This case is approved in *Woodworth* v. *Bank of America*, and the distinction recognized in Judge Skinner's opinion. 19 *Johns. R.* 420, 1. This distinction between makers and endorsers on this point is recognized by the supreme court of the United States. *See U. S. Bank* v. *Smith*, 11 *Wheat.* 171. 6 *Cond. R.* 257. *U. *S. Bank* v. *Bank of Georgia*, 10 *Wheat.* 333. [ *376 ] An act beneficial to a party does not discharge him. *Mohawk Bank* v. *Van Horn*, 7 *Wendell*, 167, 8. 2. As the plaintiffs are *bona fide* holders, without knowledge of the fact of the addition, they cannot be affected by it. *Stall* v. *Catskill Bank*, 18 *Wendell*, 478, 479. *Brockway* v. *Allen*, 17 *id.* 43. The holders (plaintiffs) had a right to presume (having no notice) that the makers made the memorandum. 19 *Johns. R.* 421. *Mills & Spring* v. *Evans*, 20 *Wendell*, 251, 259. *Dean* v. *Hall*, 17 *id.* 214, 223. *Vallett* v. *Parker*, 6 *id.* 615, 620, 621. The last case is expressly in point. 3. An immaterial addition to a note does not vitiate it even in original hands. *Clute* v. *Small*, 17 *Wendell*, 238. *Boyd* v. *Brotherson*, 10 *id.* 93. Intent dispenses with form. *Douglass* v. *Wilkinson*, 17 *Wendell*, 431. A new trial ought not to be granted.

After advisement the following opinions were delivered :

By the CHIEF JUSTICE. If the recovery turns upon the question, whether the addition was made in the margin as a private memorandum, or was intended as an alteration of the body of the note, a new trial must be granted ; for upon the case before us the point is equivocal, and should have been put to the jury. The distinction was not taken by the learned judge, and the ruling seems to go the length of sustaining the action in either aspect.

I was at first inclined to think the addition, even if regarded as *annexed* to the body of the note, was not such a material alteration as would invalidate it, for the reason that the designation of the *place* of payment did not affect the rights of the makers. It has been fully settled in this court, that, notwithstanding the *place* is thus fixed, the maker is generally and universally liable, and a demand at the *place* is not a condition precedent of payment. 17 *Johns. R.* 248. 8 *Cowen*, 271. 3 *Wendell*, 13. The action may be sustained the same as upon a note payable generally. The only difference between the two cases is, that in the one the maker [ *377 ] may plead a tender at the place, which would *bar damages and costs. Being thus generally liable, it appeared to me that the right to discharge the obligation should be as broad, and that a tender might also be made to the person the same as if no place had been fixed ; that it was inconsistent and unreasonable to subject the party, as upon a note payable generally, and not allow him to discharge it as standing upon that footing ; and if so, the designation of the place would not at all prejudice his rights. I admit if it fixes the payment by the maker to the place, the addition is material, and must be fatal when made out: for then it changes the place and mode of payment, and may operate injuriously. If he still could pay to the holder, as well as at the place, then the change would be rather beneficial than otherwise ; because it would give the alternative.

But upon further consideration, I am inclined to think when the courts use the language that the note is payable generally and universally, though the place of payment be fixed, they only mean to say that it is so to be regarded for the purposes of the remedy, and that payment must still be made at the place ; and a tender elsewhere is no bar. I have found no authority beyond this ; and on speaking of the right of discharge by *tender*, the language used limits it to the place designated. There are some authorities also which confirm this view. In *Cowie v. Halsall*, 4 *Barn. & Ald.* 197, the acceptance was general, and the drawer without the consent of the acceptor added, " payable at Mrs. B's, Chiswell street"—the court held the alteration material, and discharged the acceptor. It should be remarked, however, that this case is not an authority in point, because at that time a special acceptance in England was material, and the holder was bound to prove presentment at the place, to charge even the acceptor. That question had been settled the year before in the famous case of *Row v. Young*, 2 *Ball. & Beat.* 165. But this latter case produced a change of the law by act of parliament, 1 *and* 2 *Geo.* 4 *ch.* 78, by which it is declared, that an acceptance, payable at a particular place, is a general acceptance, unless [ *378 ] expressed to be payable there only. The question decided *in *Cowie v. Halsall*, came up again (after the act) in *M'Intosh v. Haydon*, 1 *Ry. & Mood.* 362. The counsel for the plaintiff took distinctly

the ground, that since the act the addition was immaterial, the situation of the acceptor being the same as in case of a general acceptance, and that the party could not be prejudiced. Abbott, Ch. J. conceded upon this view that the alteration was not so material as to vitiate the bill ; but there was another view of the question, he observed, in which the words added, materially alter the character of it, namely, that an endorsee might charge an endorser by shewing presentment at the particular place, when in truth the acceptor would not be in fault, he never having undertaken to pay there. The doctrine has since been recognized in *Taylor* v. *Mosely*, 6 *Carr. & Payne*, 273, though questioned by the counsel. It is perhaps, sound, upon the ground, that *any material alteration* vitiates the instrument, though it may not be prejudicial to a particular party. *See also Chitty on Bills*, 100, 103. *Byles on Bills*, 173, 177. The maker of a promissory note stands upon the footing of an acceptor, and if the alteration of his contract in the respect mentioned is a material one, and would vitiate the bill, it would likewise vitiate the note. All the reasons that exist in the one case are fully applicable to the other.

I am of opinion therefore that a new trial must be granted.

By COWEN, J. That the addition of a place of payment, made after an endorsement without the assent of the *endorser*, will discharge him, was settled by *Woodworth* v. *The Bank of America*, 19 *Johns. R.* 391, 418 *to* 422. But it is thought it has not the same effect as to the *maker*, because he is liable generally and universally on a special promise to pay at a particular place, as if none had been mentioned. To say that where a man contracts to pay at a particular place, he is under no obligation to regard that place, is certainly, it seems to me, going very far towards framing a new contract for the parties. But take it to be no more than a general promise to pay without place, it then stands on the \*footing of a bill ac- [ \*379 ] cepted payable at a particular place, since the statute 1 and 2 Geo. IV. This expressly declares such an acceptance not special but general. *Vid. Chit. on Bills*, 172, *Am. ed. of* 1839. Yet all the authorities since that statute concur, that inserting a place of payment without the acceptor's consent discharges him. *Id.* 204. The following cases are directly in point : *M'Intosh* v. *Hayden, Ry. & Mood. N. P. Cas.* 362, *before Abbott, Ch. J.* ; *Taylor* v. *Moseley*, 6 *Carr.* & *Payne*, 273, *before Lord Lyndhurst, Ch. B.* ; *Desbrow* v. *Wetherby, id.* 758, *before Tindal, Ch. J.*; 1 *Mood. & Robins*, 438, *S. C.*, *by the title of Desbrowe* v. *Wetherby* ; *Sparkes* v. *Spur, Chit. Stamp Laws*, 26, *note* ; *Chit. on Bills*, 204, *ed. before cited, note* (*a.*) This case was first heard before Abbott, Ch. J., who nonsuited the plaintiff on the ground of the alteration. A motion being made to set aside the nonsuit, all the judges were against the motion on the

merits, but they finally granted it on terms for the purpose of having the question put upon the record. In the course of these cases the learned judges pointed out various ways in which the alteration might prejudice the acceptor, which it is unnecessary to go over ; for the weight of authority seems to be decisive.

I am in favor of a new trial.

New trial granted.