## TERBELL, JENNINGS & CO. *v.* SOLOMON DOWNER.

*Presentment of note or bill for payment. Averment thereof, in declaration against the maker or acceptor.*

If a promissory note or bill of exchange is made payable at a specified time and place, it is not necessary that it should then and there be presented in order to charge or hold the maker or acceptor.

No averment of such a presentment is required in a declaration against the maker of a promissory note, or the acceptor of a bill of exchange; and if such an averment is made, it will will be treated as surplusage and need not be proved.

ASSUMPSIT. The declaration counted on an acceptance by the defendant, at Woodstock, Vt., of a bill of exchange, dated April 13th, 1853, drawn by one Daniel Tarbell, Jr., at the city of New York, payable, six months from date at the Metropolitan Bank, in said city of New York, to the order of the said Tarbell, and by him endorsed to the plaintiffs ; and contained an averment, that on the 15th of October, 1853, the plaintiffs presented the same for payment at the said Metropolitan Bank, but that payment was

refused, &c. Plea, the general issue; trial by jury, May Term, 1854, — PIERPOINT, J., presiding.

The plaintiffs gave in evidence the bill declared upon, and proved the defendant's signature to the acceptance; that the bill was regularly negotiated to them, and that they were the legal holders thereof.

To prove presentment of the bill for payment, at the place named in said bill, the plaintiffs offered in evidence the notarial certificate attached to said bill. To the admission of this instrument for the purpose named, the defendant objected. But the court admitted the same, and also decided that it was not necessary for the plaintiffs to prove such presentment; to both which decisions the defendant excepted.

*Washburn & Marsh*, for the defendant.

*O. P. Chandler;* for the plaintiffs.

The opinion of the court was delivered by

ISHAM, J. The plaintiffs have brought this action as endorsees of a bill of exchange drawn upon the defendant by Daniel Tarbell, Jr., at the city of New York, payable six months after date at the Metropolitan Bank in that city.

The acceptance of the bill by the defendant, and its endorsement to the plaintiffs was proved at the trial. This bill is to be treated as a foreign bill of exchange, as it was drawn and payable in the city of New York upon the defendant who was a resident of this state. In such cases, bills so drawn are regarded in that light, and a protest for non-acceptance or non-payment is indispensable as affording the only proper evidence of a demand and dishonor of the bill, in all cases where such demand is necessary. *Buckner* v. *Finley*, 2 Peters 586. *Townsley* v. *Sumrall*, 2 Peters, 170. *Phœnix Bank* v. *Hussey*, 12 Pick. 483. *Wells* v. *Whitehead*, 15 Wend. 527. The defendant being the acceptor of this bill, is, like the maker of a note, the party primarily liable. The drawer and endorser are liable only, on default of the acceptor. If this action had been brought by the holders against the drawer or endorser, the protest would be the necessary evidence of a presentment of

the bill, and its dishonor. It is equally so if a presentment of the bill is necessary to charge the acceptor. The authorities, however, in this country are very decisive, that as against the acceptor of a bill of exchange, a presentment for payment is not necessary, whether the bill, on its face, is payable at any specified place or not; neither is it rendered necessary from the fact, that such presentment is stated in the declaration. The whole averment is surplusage, and may be struck from the record, and still leave a good cause of action against the acceptor.

In England, it was for a long period held, in the common pleas, that such an acceptance was conditional, and that a presentment at the place where the bill was payable must be averred and proved, in order to pefect the right of recovery against the acceptor. But in the kings bench a different rule was established. It was there held that such an acceptance did not render a demand necessary as a condition precedent to a right of action against the acceptor, and that a demand at that place, need not be averred in the declaration, nor proved, but that the defendant might prove by way of defense against damages and costs, in the nature of a plea of tender, that he was ready to pay at the time and place appointed; and in that event he must bring the amount of the debt into court. That conflict of opinion between those courts was settled, in the house of lords, in the case of *Rowe* v. *Young*, 2 Brod. & Bing, 165, 180, 6 E. C. L., 53, in which the rule was established as it had prevailed in the common pleas. The statute 1 & 2 Geo. 4, C. 78, was soon after enacted, adopting mainly the rule as it had been held in the king's bench. *Selby* v. *Eden* 3 Bing. 611. *Fayle* v. *Bird*, 6 B. & Cress. 531.

In this country, the rule has almost universally prevailed, that when a note or bill is payable at a bank, on a specified day, no presentment is necessary in order to charge the maker or acceptor, It is a matter of defense on his part, that he had made provision for the payment of the debt at that time and place. No averment of that kind need be made in the declaration, and if averred it need not be proved. On proof that the party was ready to pay the debt at that time, he will be discharged from all damages and costs; it will have the effect of a tender, and the money must be brought into court. This is the rule as established in the supreme court of

the United States, and in most of the states in the Union. *Bank of U. States* v. *Smith,* 11 Wheat. 171. *Wallace* v. *McConnell,* 13 Peters, 136. *Payson* v. *Whitcomb,* 15 Pick. 212. *Nozro* v. *Fuller,* 24 Wend. 374. *Eldred* v. *Hawes,* 4 Conn. 466. *Lyon* v. *Williamson,* 27 Maine, 149. 1 Amer. Lead. Cas. 366. Story on Bills, § 355, 356. *Hart* v. *Green,* 8 Vt. 192.

We are satisfied that there was no error in the decision of the court, and that the judgment of the county court must be affirmed.