## Southwark Bank *versus* Gross *et al.*

The alteration of a promissory note, by the payee, after its execution, without the authority of the maker, by the addition of a particular place of payment, will render it void, as to the maker, in the hands of an endorsee.

ERROR to the District Court of *Philadelphia.*

This was an action of *assumpsit* by the Southwark Bank against Christian Gross and William D. Gross, trading as Gross & Brother, upon a promissory note, of which the following is a copy :—

"Philadelphia, 13th June 1857.

" Four months after date, we promise to pay to the order of Cyrus Rex, fifteen hundred dollars, without defalcation, value received, *at No* 7, *South* 3*d St.*

"CHRISTIAN GROSS & BRO.

Endorsed, " CYRUS REX."

[Southwark Bank *v.* Gross *et al.*]

On the trial, the defendants gave evidence tending to prove that the words, " at No. 7, South 3d St.," had been added to the note by Cyrus Rex, the payee, after its execution by the makers. And the court below charged the jury that, if those words were added by the payee, after the execution of the note by the defendants, and without their authority, it was void.

To this instruction the plaintiff excepted; and a verdict and judgment having been given for the defendants, the plaintiff removed the cause to this court, and here assigned the same for error.

*E. Spencer Miller*, for the plaintiff in error.—According to the earlier cases, the place of payment was no part of the contract, and an alteration in that respect did not affect a note : Trapp *v.* Spearman, 3 *Esp.* 57 ; Jacobs *v.* Hart, 3 *Starkie* 45 ; Marson *v.* Petit, 1 *Campbell* 82.   Then came the case of Rowe *v.* Young, 2 *B. & B.* 165, deciding that the place of payment was a part of the contract, and that no recovery could be had, without averring and proving a presentment there.   This led to the passage of the 1 & 2 Geo. 4, ch. 78, declaring that an acceptance payable at a particular place should not be a special or conditional acceptance, unless expressed to be payable there only.   But this act applied only to bills of exchange, and left promissory notes as they stood under the doctrine of Rowe *v.* Young.

As to notes, this distinction was soon made—that where the place of payment is in the body of the note, it must be presented there ; but where it is mentioned in a mere memorandum, it is no part of the contract : Exon *v.* Russell, 4 *M. & S.* 505 ; Price *v.* Mitchell, 4 *Campbell* 200 ; *Byles on Bills* 169 ; Masters *v.* Barretto, 8 *Com. B.* 433 ; Vander Donckt *v.* Thelluson, *Id.* 812. In this case it must be treated as a mere memorandum, and not as a part of the contract.

*J. E. Gowen*, for the defendants in error.—The question of the express or implied authority of the payee to alter the note, as he did, after its execution, was left to the jury as a question of fact, with instructions entirely satisfactory to the plaintiff.   The complaint is, that the court ruled that the alteration, *if made without such authority*, discharged the defendants from liability on the note.

That a bill or note is avoided by a material alteration, and that the addition of a place of payment, after the execution of the note, is a material alteration, is too well settled to be longer questioned : *Chitty on Bills* 182 ; Cowie *v.* Halsall, 4 *Barn. & Ald.* 197 ; Burchfield *v.* Moore, 3 *Ell. & Bl.* 683 ; Mackintosh *v.* Haydon, 1 *Ry. & M.* 362 ; Deshow *v.* Weatherly, 1 *M. & Rob.* 438 ; 6 *Car. & P.* 758 ; Taylor *v.* Mosely, 6 *Id.* 273 ; Tidmarsh *v.*

[Southwark Bank *v.* Gross *et al.*]

Grover, 1 *M. & S.* 735; Simpson *v.* Stackhouse, 9 *Barr* 186; Woodworth *v.* Bank of America, 19 *Johns.* 390.

The opinion of the court was delivered by

READ, J.—The real question in this cause, whether the alteration in the note was made by the payee after its execution by the makers, and without their authority, was fairly submitted to the jury, and decided by them, and cannot be reviewed by us. The other, whether the alteration so made was material, and rendered the note void, is closed by authority both in England and in this state, and in the state of New York, whose law on the effect of a place of payment being named in the body of the negotiable paper is the same as our own.

Justice BYLES, in the seventh edition of his treatise on *Bills* (1857), p. 279, and the learned editors of the tenth edition of *Chitty on Bills* (1859), p. 127, use the same language on this point. " So where the drawer, *without the consent of the acceptor*, added to the acceptance the words 'payable at Mr. B.'s, Chiswell street,' it was held that this was a material alteration discharging the acceptor. And the same point has been repeatedly decided since the 1 & 2 Geo. 4, c. 78 :" Cowie *v.* Halsall, 4 *Barn. & Ald.* 197 ; Burchfield *v.* Moore, 3 *Ell. & Black.* 683 ; Gardner *v.* Walsh, 5 *Id.* 83.

Nazro *v.* Fuller, 24 *Wend.* 374, was exactly the present case, and it was there decided, that the alteration of a promissory note by the payee thereof, so as to make it purport to be *payable at a particular place*, vitiates it in the hands of *an endorsee*, so that he cannot recover upon it in an action against the maker. The words inserted there were, " payable at Wayne County Bank ;" here they are, " at No. 7, South 3d St.," which, with the preceding part of the note, made it payable at that place. In our own case of Simpson *v.* Stackhouse, 9 *Barr* 186, Chief Justice GIBSON assumes this to be the law of Pennsylvania.

This being the only point presented by this record, the judgment is affirmed.