THE AMERICAN NATIONAL BANK OF NEW YORK, Plaintiff in Error, *v.* JAMES H. BANGS and JOHN DEADY, Defendants in Error.

1. *Promissory Note — Place of Payment — Alterations.*—Where words designating place of payment on a promissory note are not incorporated in the body of the contract itself, nor in any manner annexed to the instrument by the maker for the purpose of fixing a place of payment, they are to be taken as a mere memorandum, and therefore immaterial. In a contest between holder

and indorser, such an addition or memorandum, without the knowledge and consent of the latter, has been held sufficient to discharge him. As to the maker, the rule of law goes to the extent that he is generally and universally liable, and demand at a place designated in the note is not a condition precedent of payment.

### Error to St. Louis Circuit Court.

This was an action to recover on a negotiable promissory note, alleged to have been made by defendants to the firm of Fritsch & Simonton, and by them indorsed to the plaintiff. The note was filed with the petition, and is in these words:

"$1,000.                         St. Louis, *October* 10, 1866.

" Three months after date, we promise to pay to the order of Fritsch & Simonton, New York, one thousand dollars, for value received, negotiable and payable without defalcation or discount. Due at Goodyear, Bros. & Durand's, New York, Jan. 10–13.

"Bangs & Deady."

(Indorsed) "Fritsch & Simonton."

*A. H. Bereman*, for plaintiff in error.

I. The addition to the body of the note of a place of payment is not material, because defendants are liable universally—everywhere. (Walcott v. Van Santvoord, 17 Johns. 248.) Such authorities make the alteration material only in case of indorsers, who have a right to insist upon the note being presented at the proper place for payment. But plaintiff claims there was no alteration; that the placing the words as proven does not amount to an alteration, but is only a memorandum for the holders as to where the indorsers may be found, or other memorandum or abbreviation as to when it fell due, "Jan. 10–13." There is not a case in point, in England or America, in which it is not held that such alleged alteration is no alteration. (Exon v. Russell, 4 M. &. S. 505; Williams v. Waring, 10 Barn. & Cres. 2; Story on Prom. Notes, 56; 2 Pars. Notes and Bills, 548; Cunard v. Tozer, 2 Kerr, 367; Smith's Lead. Cas. 1172, vol. 1, part 2, notes to case of Master v. Miller.) The case of The Bank of America v. Woodworth, 19 Johns. 391, quoted for defendant,

was a suit between a holder and an indorser. Kane was the maker; after the note was indorsed, Kane wrote the memorandum, and actually signed his name to it,. as well as to the note, and thus actually made a new contract, and actually made the note payable at a particular place, and so the note was actually altered. The bank presented the note for payment at the place designated in the signed memorandum, and did not make a personal demand on the maker. The indorser was released simply on the ground that when he indorsed the note his contract was that he was to pay in case of due demand at maturity, refusal and notice, etc. Notwithstanding the actual alteration, if personal demand had been made of the maker, at whatever place, is there any doubt what would have been the holding of the court? The case is not in point. The case of Nazro *et al.* v. Fuller *et al.*, 24 Wend. 374, is subsequent to that of the Bank of America, and quotes the older case as authority, but it is not evident that this question was presented. If it were, the judgment is based on the ground that the court below should have submitted the question to the jury as to whether it was a marginal note or was intended to be an alteration. In the cases of Nazro v. Fuller, and Southwark Bank v. Gross, 35 Penn. 80, there was an alteration, the words being added to the body of the note. The court will observe that every authority quoted in opposition is based upon some rule affecting acceptances of bills of exchange.

*A. M. Gardner*, for defendants in error.

I. The alteration of a note, without the consent of the parties, in any material part, as in the date, sum, time when or place where payable, renders the note wholly invalid as against any party not consenting thereto, although it be in the hands of an innocent holder. (Chitty on Bills, 182.) It was contended by the plaintiff at the trial that the added words were not a part of the note, but simply a memorandum on the margin to indicate where and when the note should be paid. Unfortunately for this view of the case, the makers resided in St. Louis, the note was made in St. Louis, and, presumptively at least, payable in St. Louis. In fact, by the terms of the note, it would have been

payable in St. Louis, unless with the consent of the parties, and unless the place of payment had been therein named. It certainly was very material to the defendants to know whether their note was to be paid in New York or St. Louis — especially if the change made them liable to protest, and their mercantile credit liable to be injured or destroyed thereby, without a demand on them for payment or the means of knowing where their note could or would be presented for payment. The respondents insist that the law upon this point is well settled. (Bank of America v. Woodworth, 19 Johns. 315.) In that case it was held that the words " payable at the Bank of America," written on the margin, were a material alteration of the contract and discharged the liability of the party without whose knowledge or consent it was made. Where, to a note already complete, a memorandum is added or words inserted varying the legal effect of its stipulations, the alteration is material. (2 Pars. on Bills and Notes, 545 ; Smith's Lead. Cas. 819.) The making of a note payable at a particular place, where none was named at the time of its execution, vitiates it in the hands of the indorsee. (Nazro v. Fuller, 24 Wend. 374 ; Southwark Bank v. Gross, 35 Penn. 80 ; Burchfeld v. Moore, 3 Ellis & Blk. 682.)

II. Although the note might have been a perfect and complete contract without the " added words," yet the plaintiffs saw fit to make the addition, and subsequently treated it as a material part of the note, and made their demand and protest in accordance therewith. The facts being undisputed, the defendants insist that, even if the " added words" might in themselves be immaterial, or might have been taken as a mere memorandum on the margin, yet the plaintiffs, having themselves construed and made them a material part of the note, to the great and serious injury of the defendants, ought not now to be permitted, by vague and general averments, to ignore the facts or escape the legal consequences of their own wrong-doing in the premises.

FAGG, Judge, delivered the opinion of the court.

This was an action by the holder of a promissory note against the defendants in error as the makers of the same. The answer

denied the execution of the note, and averred a want of knowledge or information sufficient to form a belief as to whether the plaintiff in error was. a corporation, or whether the note was assigned by the payees, and before maturity and for value. The judgment of the St. Louis Circuit Court at special term, in favor of the defendants, was affirmed on appeal to the general term, and is now brought here by writ of error.

There seems to have been no controversy at the trial, except as to the identity of the note sued upon. The defendants rested their whole case upon the fact that there had been a material alteration of the note after its execution. J. H. Bangs, one of the defendants, being introduced on the part of the plaintiff, testified that he had examined the note sued upon, and " that the signature thereto of ' Bangs & Deady ' was the genuine signature of said firm, made by said witness." On cross-examination, he stated further that " the words ' at Goodyear, Bros. & Durand's, New York, Jan. 10–13,' placed at the foot of said note, to the left of the signature, were written there after the making of the said note, and without the knowledge or consent of the defendants ; that the note as it now reads is not the note of the defendants ; that they never promised or agreed to pay the same at Goodyear, Bros. & Durand's, New York ; that otherwise the note was as it was originally made, and was altered in no other respect."

The question, then, is whether these words attached to the foot of the instrument are to be taken as a part of it or only a private memorandum, which can in no way affect the liability of the makers. It will be found upon an examination of the authorities upon this question that where such words are not incorporated in the body of the contract itself, nor in any manner annexed to the instrument by the maker for the purpose of fixing a place of payment, they are to be taken as a mere memorandum, and therefore immaterial. (Story on Prom. Notes, § 49 ; Exon v. Russell, 4 M. & S. 505 ; Williams v. Waring, 10 Barn. & Cres. 2.) The same doctrine is fully recognized by the American courts in all the leading cases that have been examined. (19 Johns. 391 ; 24 Wend. 374.)

It should be kept in mind that this action is against the makers

themselves. It was not declared upon as a note payable at the city of New York. There is no contest here as to a right to tender the amount at any designated place of payment, but simply as to the effect of the addition upon their general liability to pay. The principle is everywhere recognized that the maker is generally and universally liable, and a demand at the place is not a condition precedent of payment. (Nazro v. Fuller, 24 Wend. 374.) The memorandum in this case does not increase or vary in any respect the liability of the defendants, and therefore presents no obstacle to the recovery of the plaintiff. It is admitted that in cases where there was a contest between the holder and indorser, such an addition or memorandum, without the knowledge and consent of the latter, has been held sufficient to discharge him. But as to the makers themselves, the question is altogether different. This opinion has proceeded upon the idea that the words in question were simply a memorandum made at the bottom of the note after its execution, and not intended to be a part of the contract itself. Such appears to be the fact, so far as the case is presented here by the record, but we will not assume it to be so for the purpose of entering up judgment in this court. The case proved at the trial did not authorize the declaration of law made by the court that the plaintiff was not entitled to recover.

Its judgment will therefore be reversed and the cause remanded for further trial. The other judges concur.