*A. L. Robinson* and *J. S. Buchanan*, for appellees.

———————•———————

## Gillaspie *v.* Kelley.

PROMISSORY NOTE.—*Blank.*—The execution of a note, on its face payable at a bank, the place for the name of which is left blank, at a town named, authorizes the payee, before the maturity of the note, to insert the name of a particular bank at such town in the blank space, so that, whatever limitation of authority may have been imposed by the maker on the payee, the note will be negotiable and governed by the law merchant in the hands of a *bona fide* indorsee.

APPEAL from the Clinton Common Pleas.

BUSKIRK, J.—It is alleged in the complaint that the appellee, James Kelley, on the 25th day of November, 1869, executed his certain promissory note to one Thomas H. Tobin, whereby he, for value, then and thereby received by him, promised to pay to the said Thomas H. Tobin or bearer, ten months after the date last aforesaid, the sum of one hundred dollars, with ten per cent. interest thereon from the date

Gillaspie *v.* Kelley.

aforesaid, without relief from the valuation or appraisement laws, payable at Carter, Given & Co.'s Bank, at Frankfort; a copy of which note, with indorsements, was filed with complaint; that afterward, on the day and date last aforesaid, the said Tobin sold and assigned said note, by indorsement in writing thereon, to Isaac Cook and Henry M. Baum, by their firm name of Cook & Baum, who, by the same firm name, sold and indorsed the said note in writing thereon to the plaintiff, who is now the *bona fide* owner, holder, and bearer of the same; that the said note is wholly due and unpaid. The prayer of the complaint was for judgment for one hundred and fifty dollars.

The defendant answered by the general denial, under oath.

The cause was, by agreement, submitted to the court for trial, and resulted in a finding for the defendant.

The plaintiff moved the court for a new trial, but the motion was overruled, and the plaintiff excepted.

The plaintiff appeals, and assigns for error the overruling of the motion for a new trial.

The first reason assigned for a new trial is, that the finding is not supported by the evidence. The evidence is in the record. There is not much conflict in the testimony of the several witnesses. The defendant was examined as a witness on behalf of the plaintiff. He admitted that he signed the note, but insisted that the note had been changed after he had executed it. Several other witnesses were examined in reference to the alleged alteration, and in our opinion, it is shown by a preponderance of the evidence, that when the note was executed the name of the bank was in blank, and that after its execution the words "Carter, Given & Co." were inserted. The note read when executed, "payable at—— bank, at Frankfort." It now reads, "payable at Carter, Given & Co.'s Bank, at Frankfort."

The question presented for our decision is, whether the alteration is so material as to affect the validity of the note. The solution of the question depends upon whether the note as it was when executed was commercial paper. If

it was not, and the alteration gave it the character and immunity accorded to such paper, then such alteration was material, and renders the note void, unless the payee of the note was authorized to fill the blank which was in the note when it was delivered.

It is provided by section 6 of an act concerning promissory notes, bills of exchange, and other instruments, etc., approved March 11th, 1861, that " notes payable to order or bearer in a bank in this State, shall be negotiable as inland bills of exchange, and the payees and indorsees thereof may recover as in case of such bills." 2 G. & H. 658.

In this State, promissory notes payable in a bank in this State, only, are placed upon the footing of bills of exchange, and governed by the law merchant. *Hunt* v. *Standart*, 15 Ind. 33.

The bank in which a promissory note is payable should be named in the note, so that the maker can know where he can pay the same upon maturity, and that a demand may be made whenever such demand is necessary. Edwards Bills, 157. The note in the case in judgment, when it was signed by the maker, and by him delivered to the payee, did not contain the name of the bank where it was payable, and consequently was not governed by the law merchant. The insertion of the name of the bank in Frankfort, where the same was payable, was a material alteration, and rendered the note void unless the payee was authorized to fill the blank by inserting the name of the bank. *Woodworth* v. *Bank of America*, 19 Johns. 391; *Clute* v. *Small*, 17 Wend. 238; *Nazro* v. *Fuller*, 24 Wend. 374.

We proceed to inquire whether the payee of a negotiable promissory note is authorized to insert the name of the bank where the same has been left blank.

The maker of a promissory note stands upon the footing of an acceptor of a bill of exchange. *Nazro* v. *Fuller*, 24 Wend. 374; Chitty Bills, 100-103; Byles Bills, 173-177. '

In our opinion, the rule is well settled, that if a person indorses or signs in blank paper or a note and intrusts it to

Gillaspie *v.* Kelley.

another that he may raise money upon it, he authorizes that other person to fill all blanks which are necessary and proper to make the instrument a perfect and complete bill of exchange or promissory note, as the case may be. *Holland* v. *Hatch*, 11 Ind. 497; *Spitler* v. *James*, 32 Ind. 202, and the authorities there cited. It is quite obvious to us, not only from the face of the note, but from the evidence of the appellee, that the maker of the note in question intended to make the same negotiable and governed by the law merchant. If the parties had intended to make an ordinary promissory note, and it had been complete as such when it was delivered to the payee, such payee would not have been authorized to insert words rendering it negotiable; and if there had been no blank in the note, and such words had been interlined, such interlineation would have put a purchaser upon inquiry. The note, when delivered, was not perfect and complete as a negotiable instrument governed by the law merchant. The payee had the right to make it perfect and complete by inserting the name of the bank where it was to be payable.

The case of *Spitler* v. *James*, *supra*, is very similar to the one under consideration, and is much in point. In that case the court say: "In this case, it was proper, to complete the note and render it negotiable by the law merchant, to make it payable at a bank. There was sufficient space for that purpose, and whatever question there may have been, while the note remained in the hands of a party having notice of the limitation on the authority of the maker imposed by the indorser, no defence can be based upon such limitation when the paper has passed into the hands of a *bona fide* holder.

"The principle which excludes defences against instruments negotiable by the law merchant, in the hands of a purchaser before due, for value, and without notice of defects, would be violated by every exception introduced, and the value of such securities greatly lessened in the market."

In the case in judgment, the note was transferred by the payee before its maturity, in good faith, and for a valuable

consideration. The signature of the maker was genuine. The note was in the usual form, and was perfect and complete on its face at the time when it was negotiated. It was in the possession of the payee, and the entire transaction was according to the ordinary and usual course of business. The appellee, being a *bona fide* holder, will be protected.

We are very clearly of the opinion that the finding was not supported by the evidence, and that the court erred in overruling the motion for a new trial.

The judgment is reversed, with costs; and the cause is remanded, with directions to the court below to grant a new trial, and for further proceedings in accordance with this opinion.

*J. N. Sims*, for appellant.

*L. McClurg*, for appellee.