James Lowden, *et al.*, v. The Schoharie County National Bank.

| 38 | 533 |
| 57 | 53 |

1. Note — *Blank, Left by Maker.* If a blank be left in a promissory note by the maker, he cannot be heard to complain if the blank is filled before it reaches an innocent purchaser of the note for value.

2. Note, *in Evidence — Testimony of Maker, How Regarded.* Where an action is brought upon a promissory note by an innocent holder thereof for value, and the note offered in evidence is regular and without any interlineations, or any evidence of alterations, the maker, testifying to an alteration, need not be credited, as a matter of law, although no other evidence than the note is offered to impeach or contradict him; his manner, the improbability of his story, and his self-contradictions, may justify the jury in wholly rejecting his testimony.

*Error from Republic District Court.*

Action by *The Bank* against *Lowden* and wife, to recover upon a promissory note. Trial by a jury, at the October Term, 1884; verdict for plaintiff for $150 principal and $98.30 interest; new trial refused, and judgment rendered for plaintiff. The defendants bring the case here. The material facts appear in the opinion.

*A. D. Wilson,* for plaintiffs in error.

*J. W. Rector,* for defendant in error.

Opinion by Holt, C.: The defendant in error brought this action against plaintiffs in error on a promissory note given by them and payable "to the order of James Kearns or bearer," and transferred to plaintiff without indorsement. The plain-

tiffs in error claim that after the execution of the note by them the word "six" was inserted in said note, making it payable six months after date; and they claim that such an alteration would destroy the note. They further state that they received a letter ten days after the note was executed, from a Chicago firm, saying it held a note for collection of the amount and description as the one sued on, except that it was then due, and demanding immediate payment. They deny that this was a negotiable note, and say that it came into the hands of the plaintiff charged with all the defenses that might be made thereto. Under the verdict and findings in this case, it seems to be immaterial whether the note was negotiable or not, for under the testimony there is no defense made to it, except the alleged alteration. The jury, in addition to a general verdict for the plaintiff, answered the following questions:

"1. Was the note sued on made payable at the time of its execution, in six months from date? *Ans.:* Yes.

"2. At the time of its execution, was it understood between the makers and payee of the note that no time of payment should be stated in the note? A. No.

"3. Was payment of said note demanded by the holder thereof, or any person for him, before six months had elapsed from the time of its execution, and if so, when? A. No."

The defendants (plaintiffs in error), admit that these questions and answers are conclusive against them, but urge that the findings are not supported by any evidence. They state that there was no evidence to dispute the testimony of the defendants themselves, who testified that the word "six" before the word "months" was not in the note when they signed it. The note itself is some evidence, *prima facie*, and we presume it was offered to prove that all parts of the note were written at the same time. The defendant, James Lowden, did not evidently appear to advantage in his testimony before the jury. He first denied that he had signed the note, but afterward explained that he had not signed the note with the word "six" in it; and when he was asked whether the signature of the note presented was his own, he hesitated, evaded, and finally, apparently reluctantly, admitted that it was his signature.

He testified in regard to receiving notice from Chicago that the note was due, and that he had lost the letter, but gave rather an improbable story in regard to its loss; taken altogether his testimony was contradictory and improbable. The jury was amply justified in disregarding it, and finding the facts upon other evidence introduced. (*Callison v. Smith,* 20 Kas. 36; *French v. Millard,* 2 Ohio St. 44; *K. P. Rly. Co. v. Anderson,* 23 Kas. 44.)

The defendants claim error in the instructions given by the court. We do not care to inquire into the alleged errors. They were concerning matters which were eliminated from our consideration by the unequivocal finding of the jury. We can say, however, in this connection and in answer to the objections of defendants, that when a blank is left in a note signed by a party, he cannot be heard to complain if such blank is filled before the note reaches the hands of an innocent holder for value. (2 Dan. Neg. Ins., § 1405.) We believe the judgment of the court should be affirmed, and so recommend.

By the Court: It is so ordered.

All the Justices concurring.