CASE 73—PETITION ORDINARY—MAY 14.

# Cason v. Grant County Deposit Bank.

APPEAL FROM GRANT CIRCUIT COURT.

1. WHERE A NOTE IS SIGNED AND DELIVERED TO THE PAYEE WITH A BLANK, left apparently for the purpose of being filled with the place of payment, the payee has implied authority to fill the blank, and if he does fill it with the name of a bank and then negotiates the paper the maker will not be allowed to show as against a *bona fide* holder for value without notice of any infirmity in the paper that the payee had no authority to fill the blank.

2. SECOND APPEAL—RES JUDICATA.—In this action upon a note made "payable at the Bank of Williamstown," it having been held by the Superior Court upon a former appeal that a good defense was presented by an answer alleging that the word "payable" and the words, "the Bank of Williamstown" were inserted by the payee without defendant's authority or knowledge, after the paper was signed and delivered, and that it was not necessary for defendant to allege that plaintiff had notice of the infirmity in the paper, plaintiff bank had the right upon the return of the case to the lower court to plead by way of reply that it discounted the paper in good faith at the instance of the payee

before maturity, without any notice of the fact that the blanks
had been filled up by the payee or any one else, and that the
paper when discounted was perfect as to date, amount and place of
payment, the plaintiff not being precluded by the opinion of
the Superior Court from making such a reply to the defendant's
plea of non est factum.

3. THIS CASE HAVING COME TO THIS COURT UPON A PETITION FOR RE-
HEARING FILED IN THE SUPERIOR COURT, this court is not bound
by the construction which the Superior Court in its opinion on
this appeal placed upon its opinion on the former appeal, but
the original opinion will be considered and construed as if it
were an opinion of this court, or as if the Superior Court had
not attempted to construe it.


W. W. DICKERSON FOR APPELLANT.


The circuit court disregarded the mandate and opinion of the Su-
    perior Court. By that opinion the Superior Court expressly held
    that it was not necessary for defendant to show that the bank
    had notice of the alteration at the time it purchased the note,
    and therefore, upon the second trial that question was *res judi-
    cata* and should not have been submitted to the jury. (Watson
    v. Avery, 3 Bush, 641; Scott v. Scott, 9 Bush, 175.)


GEO. C. DRANE FOR APPELLEE.


1. The issue presented upon the second trial was not the same issue
    adjudicated upon the former appeal. The Superior Court merely
    held upon the former appeal that *in the state of case presented*
    want of notice would not avail the plaintiff. The reply filed
    upon the return of the case presented an entirely different state
    of fact.
2. While the filling of blanks in a note contrary to agreement or au-
    thority of the party who left them is an alteration which can
    give the one who filled the blanks no rights against him who
    left them, yet it may bind him who left them to innocent holders
    for value. (2 Parsons on Notes and Bills, p. 566; Woolfolk v.
    Bank of North America, 10 Bush, 504; Blakey v. Johnson, 13 Bush,
    205; Newell v. First Nat'l Bank of Somerset, 13 Ky. Law Rep.,
    775.)


CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

Cason executed his note to G. W. Siddons for two hundred

dollars, payable in three months.   The note, when executed, read as follows:

Dolls. 200                    Williamstown, Oct. 2, 1889.

Three months after date I promise to pay to the order of G. W. Siddons, two hundred dollars, ..................at ....................value received.

Due ...........                    Chapman Cason.

The blanks were filled by inserting the word "payable" before the word "at," and the words "Bank of Williams-town, Ky.," after the word "at," making the paper "payable at the Bank of Williamstown, Ky." With these blanks filled by the holder he discounted the note before maturity at this bank, and Cason refusing to pay, the bank instituted the present action upon the note and recovered a judgment.   It is alleged that the note was executed by Cason to Siddons, and transferred to the plaintiff (the bank) by Siddons for a valuable consideration, whereby the plaintiff became the owner, etc.

Cason filed an answer that in effect is a special plea of *non est factum*, alleging that a blank in the paper was filled in by Siddons, or some one else, by inserting the word "*payable*" before the word "*at*," and the words "*the bank of Williamstown, Ky.*," after, so as to make the note read "*payable at the Bank of Williamstown, Ky.*;" that this addition to the note was made without his authority or consent and was wholly unauthorized by him.   A demurrer was filed to the answer and sustained, on the ground, as is stated in the briefs, of the failure of the defendant to allege that the bank had notice of the infirmity of the paper when it became the owner.   The case was brought to the Superior Court on the question raised by the demurrer to the answer, there having been a judgment for the bank, and the court reversed the judgment below upon the ground that the demurrer pre-

sented a valid defense. On the return of the case to the lower court, the demurrer to the answer was overruled and a reply filed by the bank averring in substance that it discounted the paper in good faith at the instance of Siddons before maturity, without any notice of the paper's infirmity, or that the blanks had been filled up by Siddons, or any one else, and that the paper, when discounted, was perfect as to date, amount and where payable, that it is an innocent holder for value, etc. A demurrer was interposed to this answer and overruled, and it appearing that the paper had been discounted in good faith by the bank, with the blanks filled at the time, a judgment was again rendered for the bank. Cason then appealed to the Superior Court for the second time, and that court held that the question at issue had been settled by its decision on the first appeal, in which it held the answer of Cason to be good, in the absence of an averment that the bank had notice of the alteration in the paper, and the question being *res adjudicata*, the court below should have sustained the demurrer to the reply of the bank in which the circumstances under which it became the owner are specifically alleged.

It is plain the bank had been given no opportunity of showing the manner in which it held the paper, or its condition at the time the discount was made, and while the answer may be good, because it is simply a plea of *non est factum*, and although specially pleaded, the burden was on the bank, after the defendant had shown the alteration, of showing that it became the owner for value and without notice of the paper's infirmity.

It, therefore, became necessary for the appellee, the bank, to plead facts of which it must have the knowledge, instead of requiring the defendant to present the bank's defense to the plea of *non est factum*. So, when the case went

back with the demurrer overruled, the bank was compelled to reply, and the court could not have intended to say that the bank, although an innocent holder, was without any defense to the plea, although the reversal upon the second appeal would lead to this conclusion. The case, however, is now in this court on this second appeal and the case must be considered as if this court had rendered the original opinion, or rather, this court must determine whether the opinion of the Superior Court on the first appeal holding the answer good, precluded the bank from making the defense upon which the recovery was had. We adjudge not, for the reason already given. The bank, by its demurrer to the answer of Cason, admitted, because it had been so alleged, in that pleading, *that after Cason had executed the paper and delivered it*, it was, without his consent, fraudulently altered by the payee or some other person unknown to him, by inserting the words *"payable at bank of Williamstown."* This admission made the answer good, and the exception to this doctrine, well recognized, must be pleaded by the holder, if innocent, for without the exception a want of notice constitutes no defense.

The exception is, "if the note have blanks left in it, filling the blanks is no alteration, but filling them contrary to agreement or authority of the party who left them is an alteration which can give the one who filled the blanks no rights against him who left them, though it may bind him who left the blank to other [innocent] holders for value." (2 Parsons on Bills and Notes, 566; Woolfolk v. Bank of North America, 10 Bush, 504; Blakey v. Johnson, 13 Bush, 197; Newell v. First Nat. Bank of Somerset, 13 Ky. Law Rep., 775.)

Where one signs a paper in blank, or partly in blank, when so written when signed and delivered as to show upon its face that a blank is left to fill up as to amount, or where payable, there is an implied authority to the holder to fill up

the blanks in accordance with the general character of the instrument, and when this is done by the payee it is not such an alteration as will invalidate the paper as to one who takes it for value without notice of its infirmity.

In this case the paper had been discounted by the bank and placed upon the footing of a bill. It was taken as a complete instrument. Cason was in the bank and introduced Siddons, the payee, to its officers, and Siddons, no doubt, went to the bank for the purpose of discounting the paper. Cason, however, states the paper was not given for the purpose of being discounted, and there was no authority from him to fill up the blanks, and at last what the payor and payee understood in regard to the blanks, or the authority conferred upon the holder by an express agreement, is immaterial, as no such agreement is shown to have been made.

In the case of Cronkhite v. Nebeker, reported in 81 Ind., 319, where a note was executed in blank as to the place of payment, as in this case, it was held that no implied authority existed on the part of the holder to fill up the blank so as to make it negotiable. That case, it seems to us, is a departure from the well-recognized doctrine on the subject.

Mr. Daniel, in his work on Negotiable Instruments, says, "that when the drawer of a bill, or the maker of the note, has himself, by careless execution of the instrument, left room for any alteration to be made, either by insertion or erasure, without defacing it, or exciting the suspicions of a careful man, he will be liable upon it to any *bona fide* holder without notice, when the opportunity which he has afforded has been embraced." He proceeds to state, where after the word "at" a blank was left and it was filled and made payable at an unauthorized place, it was held that the word "at" implied that the blank space succeeding it might be filled

before the note should be delivered with a designated place of payment. (2 Daniel on Negotiable Instruments, secs. 1405, 1406.)

In Kitchen and others v. Place, 41 Barb., 466, the blank space was left after the word "at" in a promissory note. The blank was filled designating the place of payment. It was held the holder had the implied authority to fill the blank.

In the case of Redlich v. Doll, 54 N. Y., 234 (13 Am. Rep., 573), the note was left blank after the word "at," no place of payment being inserted. The maker of the note delivered it to the payee upon the agreement that the note should not be negotiated, but the holder, violating the agreement, filled the blank and negotiated the paper. The court held the maker was liable to a *bona fide* holder for value. (See also Brown v. Reed, 79 Pa. St., 370.)

Many cases might be cited analogous to the one before us sustaining the judgment below, and we have no doubt of the appellant's liability to the bank.

Judgment affirmed.