## Bowen v. Laird.

[No. 20,800. Filed May 8, 1906.]

1. Pleading. — *Non est Factum.* — *Reply.*—*Estoppel.*—*Whether Permissible.*—In an action on a note, the defendant's answer being a *non est factum,* the plaintiff has a right to reply by showing facts constituting an estoppel. p. 423.

2. Bills and Notes.—*Alterations.*—*Filling Blanks.*—The insertion, without the maker's consent, on a blank line, of words in a note making such note payable at a bank in this State is a material alteration, and renders such note unenforceable in the hands of the payee. p. 423.

3. Same.—*Alterations.*—*Filling Blanks.*—*Innocent Purchaser.*— The maker is liable to an innocent purchaser of his note in form: "I promise to pay * * * $144 at —————, valued received," where some one without such maker's consent had inserted the words "First National Bank, LaFayette, Indiana," provided such insertion appeared regular and was of such character as not to arouse the suspicions of a reasonably cautious man. p. 423.

From Superior Court of Tippecanoe County; *Henry H. Vinton,* Judge.

Action by Abner T. Bowen against Leonard Laird. From a judgment for defendant, plaintiff appeals. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Reversed.*

*L. D. Boyd, G. W. Julien* and *Everett & Everett,* for appellant.

*Wilson & Quinn,* for appellee.

HADLEY, J.—Action by appellant, a *bona fide* indorsee, on a promissory note purporting to be payable at a bank. Answer, first, the general denial; second, *non est factum.* Reply to second paragraph of answer, admitting that the defendant did not execute the note in form as sued on, but alleging that he did execute a note in words, figures, blank space and line, as follows:

> "Otterbein, Indiana, October 21, 1890.
>     One year after date, I promise to pay to the order of Bernard & Hunter, $144 at ————————————,
> value received.    Interest at eight per cent per annum after due until paid.                Leonard Laird."

That when the defendant executed the note to the plaintiff's indorser there was a long blank line and blank space after the word "at," as indicated above, that extended nearly the full length of the note, and before maturity, and before the same was indorsed to the plaintiff, the words "First National Bank, LaFayette, Indiana," were, by someone unknown to plaintiff, written upon said blank line after the word "at," the same being the note sued on; that when the note was delivered to the payees the defendant knew that the same was not a complete instrument, and that it could not be made a complete instrument until said blank line was filled out as aforesaid, and the defendant knowing that the same was not complete, and that it might be easily filled as it now reads and sold as commercial paper, negligently executed and delivered the same to said Bernard & Hunter; that the added words were written in the same handwriting and with the same colored ink as the other written parts of said note, and after said words were inserted the note was a completed instrument, and nothing appearing on the face, or other parts of the note, to discredit it, or to indicate that the same had been changed, or written at different times, the plaintiff, without knowledge of the subsequent filling of said blank, and without any reason to believe that it had been changed after its execution, in good

faith purchased it from Bernard & Hunter, before maturity, in the usual course of business, and for full value, and without notice of any infirmity.   To this reply the defendant's demurrer was sustained, and the plaintiff refusing to plead further judgment was rendered against him for costs, and he appealed.

There is nothing in the point that the court improperly entertained the reply to the answer of *non est factum* because the answer of *non est factum* closed the issue.

1.   It is true that a reply is not required to such a plea, but it is equally true that a reply may be filed in a proper case.   Such an answer may be successfully avoided by facts which preclude the defendant from making such plea against the plaintiff.   Here the reply to the second paragraph of answer rests wholly upon the principles of estoppel, and it was at least proper caution, if not necessary to reply, to make the facts set up available.   *Brickley* v. *Edwards* (1892), 131 Ind. 3.

Was the insertion of the words "First National Bank of LaFayette, Indiana," on the blank line immediately following the word "at," by someone before its assign-

2.   ment, and without express authority from the maker, such an alteration of the note as will render it void in the hands of an innocent holder for value? There is no doubt but that the insertion of the words was a material alteration, which invalidated the instrument in the hands of the payee, effecting, as the words did, a complete change in the character of the note.   *Gillaspie* v. *Kelley* (1872), 41 Ind. 158, 13 Am. Rep. 318.

But the rule seems to be well established that if a person signs and delivers a paper in blank, or partly in blank, as to date, payee, where payable, and the like, and

3.   which shows upon its face that such blanks must be filled to complete the paper in accordance with the general character of the instrument, the filling of such blank by the payee, with words and figures, appropriate

and adequate to supply the deficiency, is not such an alteration as will invalidate the paper, as to one who takes it for value, and without notice, provided, the insertions leave the note fair upon its face, and without marks or evidence to arouse the suspicion of a cautious man. *Gillaspie* v. *Kelley, supra; Marshall* v. *Drescher* (1879), 68 Ind. 359; *Gothrupt* v. *Williamson* (1878), 61 Ind. 599; *Cornell* v. *Nebeker* (1877), 58 Ind. 425; *Winter* v. *Pool* (1894), 104 Ala. 580, 16 South. 543; *Redlich* v. *Doll* (1873), 54 N. Y. 234, 13 Am. Rep. 573; *Cason* v. *Grant County Deposit Bank* (1895), 97 Ky. 487, 31 S. W. 40, 53 Am. St. 418; *Rainbolt* v. *Eddy* (1872), 34 Iowa 440, 11 Am. Rep. 152; *Weidman* v. *Symes* (1899), 120 Mich. 657, 79 N. W. 894, 77 Am. St. 603; *Wessell & Co.* v. *Glenn* (1884), 108 Pa. St. 104; *Canon* v. *Grigsby* (1886), 116 Ill. 151, 5 N. E. 362, 56 Am. Rep. 769; *Johnston Harvester Co.* v. *McLean* (1883), 57 Wis. 258, 15 N. W. 177, 46 Am. Rep. 39; *Lowden* v. *Schoharie County Nat. Bank* (1888), 38 Kan. 533, 16 Pac. 748; 2 Cyc. Law and Proc., 163; 2 Am. and Eng. Ency. Law (2d ed.), 256.

Concerning the general subject the test of Mr. Daniel (2 Daniel, Negotiable Inst. [5th ed.], §1405) has been quoted approvingly by the highest court of at least five of the states, as follows: "When the drawer of the bill or the maker of the note has himself, by careless execution of the instrument, left room for any alteration to be made, either by insertion or erasure, without defacing it, or exciting the suspicions of a careful man, he will be liable upon it to any *bona fide* holder without notice when the opportunity which he has afforded has been embraced, and the instrument filled up with a larger amount or different terms than those which it bore at the time he signed it. * * * The inspection of the paper itself furnishes the only criterion by which a stranger to whom it is offered can test its character, and when the inspection reveals nothing to arouse

the suspicions of a prudent man, he will not be permitted to suffer when there has been an actual alteration."

The distinction the decided weight of authority seems to make is this: When a note is, before delivery, made complete in accordance with its general character, and is free from words and unscored blanks reasonably indicating incompleteness, the unauthorized addition of words or figures by the filling of unoccupied blanks or parts of blanks, or otherwise, is such an alteration, if material, as will make the paper void in the hands of the forger, or any one claiming under him.

Thus, a "promise to pay one year after date to J. H. Gibson or bearer $200, with interest, value received, without relief from valuation or appraisement laws," is a complete note under our statutes, and the insertion between the words "interest" and "value," on a blank line, of the words "payable at the First National Bank of Kendallville" was a material alteration that invalidated the note not only in the hands of the perpetrator, but also against one who had become the owner for value and without notice. *McCoy* v. *Lockwood* (1880), 71 Ind. 319. So, also, a note "payable to the order of G. H. Fitzmaurice at Covington, Indiana," was sufficient, as to place of payment, for a statutory note, and the insertion by the payee, after delivery, of the words "The Farmers Bank," in the unoccupied space between the words "at" and "Covington," was fatal to the instrument as against any holder. *Cronkhite* v. *Nebeker* (1882), 81 Ind. 319, 42 Am. Rep. 127.

On the other hand a note made "payable at ———— bank at Frankfort" clearly indicates that it was the intention to make the note payable at some bank in Frankfort, and the maker having delivered the note without designating the particular one, the instrument, as to an innocent holder, carried upon its face implied authority to the payee to fill in the blank apparently left for that pur-

pose. *Gillaspie* v. *Kelley* (1872), 41 Ind. 158, 13 Am. Rep. 318. Likewise, a note, in other respects full and complete in its terms, was delivered to the payee reading "payable at —————." It was held that the note imported upon its face an intention to make it negotiable, or to fix a place of payment, and the filling by the payee of the blank space and line following the word "at," with "The First National Bank of Spencer," did not invalidate the note as against an innocent assignee. *Marshall* v. *Drescher, supra; Wessell & Co.* v. *Glenn, supra; Cason* v. *Grant County Deposit Bank, supra; Winter* v. *Pool, supra; Redlich* v. *Doll, supra.*

The rule is thus stated in Tiedeman, Commercial Paper, §397: "If the party, whose liability has been changed by the alteration, could not, by the exercise of reasonable diligence, have prevented it, he is not liable on the paper, even to a *bona fide* holder. But if he has so executed the paper, viz.: by leaving blank and uncanceled spaces, as to enable alterations to be made in such a way as not to excite the suspicions of a reasonably prudent man, such a party is guilty of negligence, which renders him liable on the altered instrument to a *bona fide* holder."

The case under consideration falls particularly within the class to which those last-above cited belong. Appellee executed to Bernard & Hunter a perfect note, except when delivered it contained the word "at" standing at the left end of a blank line and space extending across the paper. This space after the word was unscored and left blank, and appeared in the instrument as indicating an intention to fix a place of payment but which had not been determined when the note was placed in the hands of the payee. Without cancelation the word and line were meaningless upon any other theory. If the purpose had been to make the note payable wherever it might be found, when due, it could have been clearly accomplished only by marking out the word "at" and the following line. In any aspect,

appellee delivered his note with an uncanceled word and space which irresistibly suggested incompleteness in the instrument for want of the place of payment, and which made it easy to effect an alteration without exciting the suspicion of a reasonably cautious person.

It is alleged in the reply that the place of payment was inserted in the blank space in the same handwriting and with the same colored ink as the other written portions of the note, and that there was nothing about the paper, when purchased by appellant, that in any way impeached its integrity. For reasons suggested we think, and so decide, that appellant's reply to the second paragraph of answer was good and the demurrer thereto was erroneously sustained. For this error of the court the judgment is reversed, with instructions to overrule the demurrer to the reply to the second paragraph of answer.