## SHANKS ET AL. *v.* ALBERT.

PROMISSORY NOTE.—*Alteration of by Payee.*—After the making and delivery of a promissory note, the same was changed by the payee, without the knowledge or consent of the maker, by inserting a higher rate of interest than it would otherwise have, and by making it payable at a bank.

*Held*, that the alterations invalidated the note.

INTERROGATORIES TO JURY.— *Judgment non Obstante.*—In a case where the general verdict was for the plaintiff, but the answers to interrogatories were clearly inconsistent therewith and sustained the answer, the defendant moved for judgment "upon the interrogatories," notwithstanding the general verdict.

*Held*, that the motion should have been sustained. An objection that the motion should have been for judgment on the answers to the interrogatories was too technical. Neither the court nor the plaintiff could have been misled by the form in which the motion was made.

From the Washington Circuit Court.

*F. L. Prow, H. Heffren*, and *J. C. Lawler*, for appellants. *T. L. Collins* and *A. B. Collins*, for appellee.

PETTIT, J.—This suit was brought by the appellee, John C. Albert, against the appellants, William H. Shanks and John Strattan, before a justice of the peace, on the following note, as we find it copied in the transcript:

"$150.00.     CAMPBELLSBURG, WASHINGTON CO., IND.,

"May 28th, 1872.

"Six months after date we promise to pay to the order of M. Freidberger one hundred and fifty dollars, with interest at the rate of ten per cent. per annum, and ten per cent. after maturity, and attorney's fees of — per cent. if suit be insti-

tuted on this note, negotiable and payable at First National
Bank, New Albany, value received, without any relief from
valuation or appraisement laws; the drawers and endorsers
severally waive presentment for payment and notice of pro-
test and non-payment of this note.

"SHANKS & STRATTAN."

And endorsed, "May 2d, M. Freidberger."

The defendants answered in several paragraphs, among
others by the general denial and *non est factum* under oath.
There was a trial before the justice resulting in a judgment
for the defendants. An appeal was taken to the circuit
court which, on trial, resulted in a general verdict for the
plaintiff for the amount of the note up to that date, with
answers to special interrogatories as follows:

" 1. Was the word 'ten' added to the note after signature
and delivery by defendants to Freidberger, without the
knowledge or consent of the defendants? Answer: By
the evidence given, yes.

" 2. Were the words ' First National Bank, New Albany,
Indiana,' added to the note after it was signed by the defend-
ants and delivered to Freidberger, without the knowledge
and consent of the defendants? Answer: By the evi-
dence given, yes."

The general verdict and special findings were signed by
the foreman of the jury. By the special findings of the jury,
the note was so altered and changed as to make it void and
not collectible; and how they could have found a general
verdict for the plaintiff, we can not see or comprehend.

On the return of the general verdict for the plaintiff, and
the answers to the special interrogatories, the record shows
this entry made by the clerk: "And thereupon come the
defendants and move the court for judgment upon the inter-
rogatories, notwithstanding the general verdict for plaintiff,
which is overruled by the court; to the decision of the court
in overruling said motion, the defendants at the time except."
Judgment was rendered for the plaintiff on the general ver-
dict.

It is now claimed that because the motion of the defendants, as shown by the clerk's entry, was for judgment on the interrogatories, and not for judgment on the answers to the interrogatories, notwithstanding the general verdict, the motion was properly overruled. We think this is too technical. Neither the court below nor the plaintiff could have been misled, but must have understood that the motion was for judgment on the special findings notwithstanding the general verdict.

The judgment is reversed, at the costs of the appellee, with instructions to render judgment for the appellants on their motion for judgment on the special findings, notwithstanding the general verdict.