Woollen v. Ulrich et al.

## WOOLLEN v. ULRICH ET AL.

PROMISSORY NOTE.—*Payable in Bank.*—*Negotiability.*—The negotiability of a promissory note payable in bank is not affected by the fact, that, by its terms, it is payable in a specified time, " or before, if made out of the sale " of a chattel therein named.

SAME.—*Negligence.*—*Fraud.*—One who, relying upon the representations of another as to the legal character of an instrument which he is asked to sign, executes to the latter what proves to be a promissory note payable in bank, is guilty of negligence and is liable on the note to a *bona fide* endorsee thereof for value and before its maturity, though such representations were false, though he did not know he was executing a promissory note and though the consideration of the note has failed.

SAME.—*Notice to Endorsee.*—*Answer.*—An answer averring such facts, and also that the note had been executed for a worthless patent-right, and that the endorsee, by reason of the general bad odor of the patent-right business, was bound to take notice of the fraudulent character of the note, is insufficient.

SAME.—One who, supposing that he is executing a simple article of agreement, executes an instrument which may be so separated as to show him to have apparently executed a perfect promissory note payable in bank, is liable thereon to a *bona fide* endorsee thereof before maturity and for value.

From the Huntington Circuit Court.

*W. H. Trammel*, for appellant.

*H. B. Sayler* and *J. B. Kenner*, for appellees.

NIBLACK, J.—William W. Woollen, Jr., as the holder, sued John H. Ulrich and Daniel Ulrich as makers, and James B. Drake as endorser, of a promissory note as follows:

" $400.00.                         FEBRUARY 5th, 1872.

" Six months after date (or before if made out of the sale of J. B. Drake's Horse Hay-Fork and Hay-Carrier), we promise to pay James B. Drake or order four hundred dollars, payable at the First National Bank at Indianapolis, value received, with use, without any relief from valuation or appraisement laws. If suit shall be instituted to enforce the payment hereof, we agree to pay a reasonable attorney's fee.

Woollen *v.* Ulrich *et al.*

" Witness :  D. R. PERRY.  (Signed,) " JOHN H. ULRICH,
         " S. REA.           DANIEL ULRICH."
Endorsed :  " J. B. DRAKE."

The complaint alleged facts amounting to an averment that the plaintiff had become, in good faith, the purchaser of the note before maturity for a valuable consideration.

Drake made default.

The other defendants answered jointly, in three paragraphs.

1. Admitting the execution of the note, but alleging that its execution was procured by fraud ; that two men, whose names were unknown to said defendants, came to the residence of the defendant John H. Ulrich, in Huntington county, on the 5th day of February, 1872, and represented themselves to be agents for the sale of the patent for J. B. Drake's Horse Hay-Fork and Hay-Carrier, and solicited the services of said defendants as agents in the same business for Rock Creek, Polk and Lancaster townships, in said county ; that defendants agreed to take an agency for said townships upon certain terms and conditions and none other.

"Whereupon one of said agents or pretended agents, whose name is unknown to these defendants, proceeded to and did fill up in writing a printed blank which said agents or pretended agents said was a letter of agency to sell said article in said townships, according to said contract.  These defendants then and there stated to said agents or pretended agents of J. B. Drake, that they did not understand such business themselves, that they agreed to take such agency on the above terms and no others, and that they would rely on said agents or pretended agents to prepare the said papers according thereto ; whereupon said agents assured these defendants that said printed blank, so filled up in writing as aforesaid, was a statement of their said agreement, and none other, whereupon these

defendants, fully relying upon said representations so made by said agents or pretended agents, and their further assurance, then and there made by said agents or pretended agents, that said agency would be profitable, as said article was a very desirable and valuable article, signed said paper, believing it to be the agreement made by them.

" That the article covered by the patent to J. B. Drake, above described, was worthless, and could not be sold by :he defendants; that the odiousness of the patent-right business was such at the time and long before, and such business was so generally characterized by fraud and swindling, as to be sufficient to put all persons on inquiry as to the condition of a note given for patented articles, or in connection with the patent-right business, and that the condition of the note sued on was sufficient to put the plaintiff on his inquiry, and sufficient notice to him of the false manner in which such note had been procured."

2. Alleging a want of consideration, which the plaintiff well knew when he purchased the note.

3. Averring a failure of the consideration for which the note was given, of which the plaintiff had notice at the time when he obtained the same.

The defendant John H. Ulrich also answered in a separate paragraph, setting up substantially the same facts contained in the first paragraph above set out, except that he did not directly admit the execution of the note, and claimed that he and his codefendant did not know that the paper they had signed was a note, for some time after they signed such paper, but understood and believed that said paper was merely an agreement to act as agents for the sale of Drake's Horse Hay-Fork and Hay-Carrier, as above herein stated.

The defendant Daniel Ulrich also answered in a separate paragraph, repeating in substance the same facts

alleged in the first paragraph of the joint answer herein above referred to, except that he learned the names of the persons who claimed to act as the agents for the sale of the J. B. Drake patent, and understood that there was a note attached to the foot of the agreement, which, with the agreement, was to form an entire contract, and that he never delivered the note in its present form, it having been severed from the agreement without his consent.

The last two paragraphs were each verified by the affidavits of the parties respectively pleading them.

The plaintiff demurred separately to each paragraph of the answer, and the court overruled his demurrer to all the paragraphs.

Issue being joined, the cause was tried by a jury, who returned a verdict for the defendants, the Ulrichs, and judgment was rendered in their favor upon the verdict.

Error is assigned here upon the overruling of the demurrer to the several paragraphs of the answer.

A note similar to the one in suit was held by this court, in the case of *Cornell* v. *Nebeker*, 58 Ind. 425, to be a negotiable note, and we think the decision in that case is well sustained by the authorities upon which it is based. *Walker* v. *Woollen*, 54 Ind. 164.

In considering the sufficiency of the first paragraph of the joint answer, the important question to be determined is, whether the alleged facts show due care and diligence on the part of the Ulrichs to prevent being imposed upon when they were induced to sign the note sued upon.

It is not alleged that these defendants could not read, nor that they were not men of ordinary intelligence, nor that they made any effort to read the paper which they admit they signed. It is averred that the persons who presented the note for signature were strangers to the defendants, yet the defendants admit that they signed such note, wholly relying upon such strangers, as to the character and contents of the instrument they were signing.

The case of *Nebeker* v. *Cutsinger*, 48 Ind. 436, was in some of its features an analogous case to the one before us. In that case, after reviewing several authorities, to which we are now again referred, it was said that "We agree with the Court of Appeals of New York and the Supreme Court of Iowa, that where a man who can, without difficulty, read, executes a paper without reading it, trusting to the party to whom it is executed for a statement of its contents, or trusting to the reading of it by the latter, there being no substantial reason shown for not reading it himself, is guilty of negligence."

It may be laid down as an established rule, that, although a man may be moved by fraudulent misrepresentations to execute a negotiable note, yet, if he carelessly and negligently so execute it, and permit such note to fall into the hands of an innocent purchaser before maturity, he can not be heard to deny his liability to pay it. Having thus negligently thrown his note upon the market, as between himself and such innocent holder, he must bear the loss.

There is no escape that we can see from the conclusion, that, upon the facts stated in this first paragraph of the joint answer, the Ulrichs were guilty of great negligence in the execution of the note in controversy, and that for that reason, if for no other, such first paragraph of the answer was bad upon demurrer. *Steele* v. *Moore*, 54 Ind. 52.

What we have said applies with equal force to the separate answers of both the Ulrichs.

The separation of the note from the agreement, charged by Daniel Ulrich, did not necessarily invalidate the note in the hands of an innocent holder. *Cornell* v. *Nebeker, supra.*

The courts have gone to great lengths to protect the rights of the *bona fide* holder of negotiable paper, and we are not prepared to say that public policy is not best subserved by the line of judicial decisions adopted for that purpose.

We are of the opinion, that the court erred in overruling the demurrer to the first paragraph of the joint answer of the Ulrichs, and to the separate answers of both of them, and that for these errors the judgment in their favor will have to be reversed.

The appellant has made no question upon the sufficiency of the second and third paragraphs of the joint answer of the Ulrichs, and we have consequently not considered those paragraphs.

The judgment below in favor of John H. Ulrich and Daniel Ulrich is reversed, at their costs, and the cause remanded for further proceedings not inconsistent with this opinion.