| 68  | 359 |
| 166 | 424 |
| 166 | 426 |

## MARSHALL v. DRESCHER.

PROMISSORY NOTE.—*Alteration.*—*Implied Authority to Insert Name of Bank.* —*Endorsement.*—Where a promissory note has all the elements of commercial paper, negotiable by the law merchant, at the time the maker executes it, except filling the blank left to insert the name of the place at which it is to be made payable, and, in answer to an inquiry by the payee of the maker as to where the note shall be left for payment, the latter mentions a certain bank, such payee has implied authority, from such statement and from the condition of the note, to fill up the blank in the note by inserting the name of the bank mentioned; and in such case the note, being valid in the hands of the payee notwithstanding the alteration, is valid in the hands of an endorsee, whether he has notice of the alteration or not.

From the Owen Circuit Court.

*H. Richards, A. W. Fullerton, W. M. Franklin* and *S. O. Pickens,* for appellant.

*I. H. Fowler,* for appellee.

BIDDLE, J.—Suit on a promissory note made by the appellant to I. Moses, endorsed by Moses to William M. Moore, and by Moore to the appellee. The pleadings are not stated in the record, but no point is made upon this defect. Trial by the court. The appellee requested the court to make a special finding of the facts and the conclusions of law thereon. The court found as follows:

" That, on the 14th day of September, 1875, the defendant executed the following note, which is the same mentioned in the complaint, which is in these words and figures, to wit :

"" No.                              September 14th, 1875.

"" Three months after date, I promise to pay to the order of I. Moses, at the First National Bank at Spencer, Indiana, fifty dollars, with five per cent. attorney's fees, if suit be instituted on this note, value received, without any relief from valuation or appraisement laws, with interest at the rate of ten per cent. per annum after maturity. The drawers and endorsers severally waive presentment for payment, protest and notice of protest for non-payment of this note.

(Signed,)                    "" Erastus B. Marshall.'

"That the payee was a pedler selling goods through the country, and that the consideration of the note was the price of goods purchased by the defendant of the payee, I. Moses; that the note was drawn up by the payee, Moses, from a blank note that he carried with him, and was written with the pen and ink of the payee ; that, when the note was executed and delivered to the payee by the defendant, no place was designated in the note where the same should be payable ; that, after the words 'payable at,' a blank was left in the said note ; that said blank was not scored or marred out when the note was executed ; that the defendant did not intend to give his note payable in bank ; that, after the note was executed, and when the payee was in the act of leaving the house of defendant, he asked the defendant where he must leave said note for payment, and the defendant replied, at the First National Bank at Spencer ; that afterwards, without the knowledge or consent of the defendant, the said payee altered said note by inserting therein after the word 'at ——' the following: "The First National Bank at Spencer, Indiana ;"

Marshall *v.* Drescher.

and then, before the said note was due, it was sold and transferred to one William M. Moore, who was an innocent purchaser 'for value, who had no notice of the alteration made by the payee of said note, and that there was nothing upon the face of the said note to indicate that the same had been altered or tampered with ; that subsequently, and after the note became due, the said Moore sold and transferred the said note to plaintiff, who took the same with the full knowledge of the defence set forth in the answer; that the said note is now due and wholly unpaid.

"And, as a conclusion of law from these facts, that the defendant was guilty of negligence in executing and delivering the said note to the payee with a blank space for place of payment left unfilled and not scored ; that, as between the plaintiff and defendant, the said alteration did not avoid the note, the defendant being estopped by his own negligence.    The plaintiff ought to recover the sum of fifty-seven dollars and forty-five cents ($57.45), without relief," etc.

Judgment accordingly, from which this appeal is taken.

It is plain that the above note had all the elements of commercial paper, negotiable by the law merchant, at the time the maker executed it, except filling the blank left to insert the name of the place at which it was made payable. The note, upon its face, imports that it was intended to be made negotiable, or the waiver of protest and notice would not have been inserted.    The payee had implied authority, from the condition of the note, and from the statement of the maker to leave it "at the First National Bank at Spencer" for payment, to fill up the blank in the note as he did. We think the finding shows that the note was valid in the hands of the payee, notwithstanding the alteration, and, being so valid, was valid in the hands of the appellee, whether he had notice of the alteration or not.    The following authorities will support the rulings of the court below: *Hereth* v. *The Merchants' National Bank of Indianapolis*, 34

Ind. 380; *Riley* v. *Schawacker,* 50 Ind. 592; *Cornell* v. *Neb-eker,* 58 Ind. 425; *Gothrupt* v. *Williamson,* 61 Ind. 599; *Woollen* v. *Ulrich,* 64 Ind. 120 ; *Noll* v. *Smith,* 64 Ind. 511.

The judgment is affirmed, at the costs of the appellants.