Hert v. Oehler.

———◆———

No. 8533.

## HERT v. OEHLER.

PROMISSORY NOTE.—*Alteration.*—*Accommodation Endorser.*—A material alteration of a negotiable note, endorsed by an accommodation endorser, made after such endorsement and without his consent, discharges him, though the holder took it ignorant of the alteration.

SAME.—*Payable at a Bank.*—*Notice.*—When a note, payable at a particular bank, is endorsed by an accommodation endorser for the purpose of being discounted at that bank, having in it the words "interest on this note has been paid to maturity," and is changed without the endorser's consent, by drawing a pen through these words, any other person discounting it takes it with notice of dishonor, and can not hold the endorser.

From the Marion Superior Court.

*P. Rappaport*, for appellant.

*P. Schuster, J. B. Julian* and *J. F. Julian*, for appellee.

MORRIS, C.—This suit was commenced before a justice of the peace, and taken by appeal to the Marion Superior Court.

The appellant's complaint states that on the 2d day of September, 1878, one Charles Kindler, by his promissory note, a copy of which is filed with the complaint, promised to pay to the order of the appellant, the sum of $50, with ten per cent. interest and five per cent. attorney fees, and that the appellee became an accommodation endorser and surety on said note; that on the —— day of ——, 1879, Charles Kindler died intestate, leaving an estate of not over $500 in value, which was, by the order of the Marion Circuit Court, duly turned over to his surviving widow, without administration, free from any claim of his creditors; and that said note is due and unpaid, demanding judgment, etc.

The note is payable at thirty days, with ten per cent. interest, to the order of the appellant, at Fletcher & Sharpe's Bank, Indianapolis, and presentment and notice of non-payment, protest and all defences on the ground of any extension of the time of its payment that might be given by the holder or holders of the note, are waived.

The appellee answered the complaint in four paragraphs. The first was a general denial. The second is, also, in legal effect, a general denial. The third alleges a want of consideration. The fourth paragraph of the answer states that after the appellee had endorsed said note, the words "interest on this note has been paid to maturity," were erased without

his knowledge or consent, and that, therefore, his endorsement on the note, as altered by such erasure, is not his act, etc.

There was also filed by the appellee what he calls a cross-complaint, in which it is alleged that the note sued on is a forgery, and praying that it be declared null and void, and that it be ordered to be surrendered to the appellee.

The appellee verified his answer by his oath. The justice found in favor of the appellee. The appellant appealed to the superior court, which, at special term, found for the appellee. The appellant moved for a new trial, on the ground that the finding of the court was contrary to the evidence. The court, in special term, overruled the motion for a new trial, and rendered judgment on its finding in favor of the appellee. The appellant appealed to the general term, alleging as error the overruling of his motion for a new trial. The superior court, at general term, affirmed the judgment of the court at special term. The appellant assigns as error in this court, the affirmance of the judgment of the court in special term by the court in general term.

The evidence in this case is made a part of the record by bill of exceptions.

The appellant put in evidence the note and the endorsement of the appellee's name thereon, and the appellee then testified as follows: "Kindler brought the note to me at my store, all complete except the name of the payee and the signatures. Kindler and I signed the note. The clause, 'The interest on this note has been paid to maturity,' was not stricken out when I signed it. It was agreed between me and Kindler that the note was to be discounted at Fletcher & Sharpe's bank. I told him the clause that 'interest has been paid to maturity,' must remain, because banks take the interest out in advance. I had promised Mr. Rappaport, who presented the note to me for payment several times, to pay it. He showed me the note, and I looked at it, but I did not notice then that any change or alteration had been made; nor did I observe it until I got the note from Mr. Rappaport and showed it to an attorney, who called

my attention to it. I then told Mr. Rappaport to bring suit upon it. After I endorsed the note, I left it with Mr. Kindler to have it discounted and to raise the money on it. The name of the payee was left in blank."

The appellant testified as follows: "He got the note from Kindler, who brought it to his home on the day it was made, to wit, September 2d, 1878 ; that when Kindler presented the note to him everything was on it except the payee's name. The clause in question was already stricken out; the plaintiff himself put his name in as payee; he did not strike out the interest clause ; it was already stricken out when he got the note. He paid Kindler $50 for it. The note is unpaid; don't know who struck out the clause."

David D. Long testified as follows: "I have been a merchant and business man." (The note with the interest clause stricken out, was here shown to the witness.) "There is nothing unusual about the note. I have seen such notes hundreds of times. It is such a note as is usually given by and to business men."

Sebastian Hammerstein testified: "I am a lithographer—have experience in distinguishing between fine shades of colors. This is part of my business. The ink with which the name of William Hert is written, is darker than the ink with which the interest clause is stricken out. They are two different inks." This was all the evidence in the case.

Assuming what the evidence tends strongly to establish, that the words "the interest on this note has been paid to maturity" were stricken out after it was endorsed by the appellee and without his knowledge or consent, and before it was purchased by the appellant, who paid full value for it, being ignorant at the time as to when or by whom the erasure had been made, the following questions arise :

1st. Did the erasure constitute a material alteration of the note ?

2d. If so, did such erasure render it void as against the appellee ?

Hert v. Oehler.

Upon the first proposition there is no room for doubt. The erasure increased the liability of the maker and endorser of the note in a sum equal to the interest on the note for thirty days—the time it had to run. By the erasure, the note was made to draw interest from date ; had the words erased remained in the note, it would not have drawn interest until due. The alteration was, therefore, material.

The note in suit was negotiable and payable at Fletcher & Sharpe's bank. The words, " the interest on this note has been paid to maturity," indicated that the note was designed and intended to be discounted at that bank. Their erasure must have caused a suspicion, at least, that the paper had been refused by the bank. The general and well known rule among banks to demand interest in advance gave peculiar significance to the words erased. The note, with the words in question in it, was what is known as, and generally called, bank paper. The condition of the note when it came to the hands of the appellant was notice to him that it was originally intended by the parties for discount at Fletcher & Sharpe's bank ; their erasure tended to prove that the paper had been discredited. Under such circumstances, it was the duty of the appellant to make inquiry before purchasing the note.

The dishonor of a note is a circumstance of suspicion sufficient to put those dealing for it upon inquiry. *Fowler* v. *Brantly*, 14 Peters, 318. In the above case the note in question was given to one McVoy by the maker to be discounted at the Branch Bank of the State of Alabama, at Mobile, as an accommodation note. The bank refused to discount the note, and put a pencil mark upon it indicating that it had been refused. The note was in the form used by the bank. The court say : " The paper before us carried on its face circumstances of suspicion, so palpable as to put those dealing for it, before maturity, on their guard ; and as to require at their hands strict inquiry into the title of those through whose hands it had passed. Failing to be thus diligent, they must abide by the

misfortune their negligence imposed, and stand in the condition of McVoy."

So in this case, the appellant, having failed to exercise the diligence required of him under the circumstances, must be content to stand in the condition of Kindler.

It may well be said, as it is in the opinion of Judge Elliott affirming the judgment at special term, that if the words " the interest on this note has been paid to maturity " were stricken out after the appellee indorsed it, without his knowledge or consent, though stricken out by the maker, Kindler, before delivery to the appellant, it was not the note indorsed by the appellee, and he is not liable upon it.

In the case of *Fay* v. *Smith*, 1 Allen, 477, one of two joint makers of a note, after it was executed by both and before it was negotiated, altered it by adding the words " with interest ; " it was held that the alteration avoided the note in the hands of a *bona fide* holder to whom the payee had indorsed it. The case of *Draper* v. *Wood*, 112 Mass. 315, is to the same effect. In the case of *Goodman* v. *Eastman*, 4 N. H. 455, the defendant put his name to a note as the surety of the principal maker for $20. Before the note was delivered to the payee, the principal maker, without the knowledge or consent of the surety, altered the note from $20 to $120, and then passed it to the payee. It was held that the surety was not liable on the note ; that the rule of law that where one of two innocent persons must suffer by the fraud of a third, he who enables such third person to commit the fraud must abide the consequences, does not apply to such a case. The ground of the decision is, that such an alteration is a forgery. This case is supported by the following cases : *Wood* v. *Steele*, 6 Wal. 80 ; *Lisle* v. *Rogers*, 18 B. Mon. 528 ; *McGrath* v. *Clark*, 56 N. Y. 34.

We think there is no error in the judgment below.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be affirmed, at the costs of the appellant.