Moore *v.* Hinshaw.

## MOORE *v.* HINSHAW.

[No. 2,927.  Filed November 15, 1899.]

BILLS AND NOTES.—*Alteration.—Principal and Surety.—Release of Surety.*—Where an agreement was made that a note should bear eight per cent. interest, and the principal and surety signed the same in blank as to the rate of interest, the subsequent insertion of the rate by the principal and payee, without the knowledge of the surety, constituted a materal alteration in the note, and released the surety.

From the Hamilton Circuit Court. *Reversed.*

*S. D. Stuart* and *C. G. Reagan,* for appellant.

*I. W. Christian, W. S. Christian* and *J. E. Hodgin,* for appellee.

WILEY, J.—Appellee sued appellant and one Elwood Moore upon three promissory notes. A joint answer in two paragraphs was filed. The first was a general denial, and the second a plea of *non est factum.* A trial by jury resulted in a general verdict against both of the defendants below. The jury also answered interrogatories submitted to them upon special questions of fact. Appellant alone moved for a new trial, which was overruled, and judgment was rendered on the verdict. The overruling of the motion for a new trial is the only error assigned. The facts upon which the decision of the case must rest are fairly stated by the jury in their answers to interrogatories, and are as follows: That prior to the execution of the notes sued on, appellant and Elwood Moore had executed and delivered to appellee a certain note; that after its maturity, suit was brought upon it; that there was then due thereon $159.35; that pending said action, the same was compromised on the terms that appellant and Elwood Moore should execute the three notes in suit, aggregating the amount due on the original note, the latter notes to bear eight per cent. interest and to become due in one, two, and three years from date; that the notes sued on were executed in pursuance to that agreement; that appellant and Elwood Moore each signed the notes in suit; that when they signed them the rate of interest was not specified; that the figure "8" was written in the notes at the request of the appellee after they were signed; that the alteration by inserting the figure "8" was made without the knowledge of appellant, and that such alteration was made in accordance with an agreement made prior thereto between appellant and appellee. While these are the facts specially found, there are other material facts which appear from the evidence that

are of sufficient importance to merit mention.  Appellant and Elwood Moore were brothers, and appellant was surety for Elwood.  The note in settlement of which the notes in suit were given was executed several years prior to the commencement of suit upon it.  The notes in suit were written or filled out by a brother of appellant at the house of Elwood Moore, where they were signed.  After they were thus signed, Elwood took them to the home of appellee, showed them to him, and he then agreed to accept them in settlement of the then pending litigation, if his attorney said they were "all right."  Elwood and appellee then went to the office of appellee's attorney; the notes were shown to him, and he declared they were "all right" except the rate of interest was left blank.  After some conversation between them, it was agreed, and so stated, that the rate of interest was overlooked, and it was then and there agreed between appellee and Elwood that the figure "8" should be inserted· in compliance with the agreement.  This was done by the attorney in the presence of Elwood and appellee.  The evidence is conflicting as to whether appellee accepted the notes when they were first shown to him at his house, or after the conference at the office of the attorney, and after the figure "8" was inserted therein.

The question presented for decision, therefore, is simply this:  Where an agreement is made that notes shall be executed bearing eight per cent. interest, and the principal and surety sign them in blank, as to the rate of interest, can the rate of interest be inserted in the notes in conformity with the agreement between the parties, in the presence and with the consent of the principal and payee, and without the knowledge and consent of the surety, and the latter be bound?

If the insertion of the rate of interest is a material alteration of the instrument, within the meaning of the law, then the surety is released, unless the agreement that the notes should bear the rate of interest inserted changes the rule.

The rule that governs here differs from that which holds an indorser of a note liable, where he signs or indorses it in blank as to date, amount, payee, and where payable, and delivers it to the maker, and the latter fills the blanks. In such case it is held that the indorser gives to the maker implied authority to fill such blanks so as to give the instrument force and effect, and to make it a perfect instrument. See *Spitler* v. *James*, 32 Ind. 202, 2 Am. Rep. 334; *Wilson* v. *Kinsey*, 49 Ind. 35; *Rich* v. *Starbuck*, 51 Ind. 87; *Emmons* v. *Meeker*, 55 Ind. 321; *Armstrong* v. *Harshman*, 61 Ind. 52, 28 Am. Rep. 665; *Gothrupt* v. *Williamson* 61 Ind. 599; *Brown* v. *Bank*, 115 Ind. 572; *Marshall* v. *Drescher*, 68 Ind. 359; *DePauw* v. *Bank*, 126 Ind. 553, 10 L. R. A. 46.

In the case before us, however, the notes in question were perfect instruments when signed by appellant. He knew, as is shown by the evidence, which is uncontradicted on this point, that no rate of interest was specified when he signed the note. This, however, would not in any sense affect their validity, for under the statute any promise in writing to pay money, where no rate of interest is fixed by the writing itself, such promise shall bear six per cent. interest. §7043 Burns 1894.

In *Palmer* v. *Poor*, 121 Ind. 135, 6 L. R. A. 469, it was held that where a note had been altered after it had been signed, by inserting the figure "8" before the words "per cent. interest," without the knowledge or consent of the maker, was such a material alteration that a recovery could not be had. Elliott, C. J., in rendering the opinion of the court, said: "The alteration in the note was a material one, * * *. 'It is a material alteration,' says Mr. Randolph, 'to add an interest clause, even without any fraud on the holder's part.' 3 Randolph Com. Paper, §1756." Continuing the learned judge said: "This conclusion is fully sustained by the decided cases," citing *Hert* v. *Oehler*, 80 Ind. 83; *Bowman* v. *Mitchell*, 79 Ind. 84, and cases cited; *Schnewind* v.

*Hacket*, 54 Ind. 248; *Shanks* v. *Albert*, 47 Ind. 461; *Boustead* v. *Cuyler*, 116 Pa. St. 551; 1 Am. & Eng. Ency. of L. 510. See, also, *Hart* v. *Clouser*, 30 Ind. 210; *McCoy* v. *Lockwood*, 71 Ind. 319.

When the notes in suit were signed by appellant, and came to the possession and knowledge of appellee, they were complete and perfect instruments in all respects. If appellee desired to change the contract as expressed by the notes, it was his duty to treat with appellant as one of the parties to the contract, and secure his assent thereto. *DePauw* v. *Bank of Salem*, 126 Ind. 551, 10 L. R. A. 46.

Mr. Daniel on Negotiable Instruments, §1385, says: "In the fifth place, as to interest, any addition of words making the bill or note bear interest when it originally did not, or changing the time when interest should run, or varying the percentage of interest, is of the same character as if it changed the principal." The author cites many authorities in support of the rule. From the authorities, we are led to the conclusion that the verdict was not sustained by sufficient evidence, and was contrary to law, and hence will not support a judgment against appellant. This conclusion makes it unnecessary to decide other questions discussed.

The judgment is reversed, and the court below is directed to sustain appellant's motion for a new trial.