GOOD ROADS MACHINERY COMPANY v. MOORE ET AL.

[No. 3,159.   Filed November 14, 1900.]

ALTERATION OF INSTRUMENTS.— Bonds.— Contracts.— Principal and Surety.—Release of Surety.—In an action on a bond given to secure the performance of a contract entered into by an agent for the sale of goods, it was shown that the contract authorized the agent to sell goods "in the State of Indiana and," with a blank of two and a half lines in the printed form of contract after the word "and," but the contract was otherwise complete upon its face; that after the execution of the bond by defendants, on the back of the contract, and without their knowledge or consent, plaintiff filled in the blank space, giving the agent additional territory in the state of Illinois.   Held, that the alteration was material and unauthorized, and released the sureties on the bond.

From the Kosciusko Circuit Court.   Affirmed.

D. H. Bowles, W. A. Bastian and W. W. Thornton, for appellant.

L. W. Royse, Bertram Shane, J. W. Cook, A. G. Wood, and F. E. Bowser, for appellees.

HENLEY, J.—The material averments of appellant's first paragraph of complaint are that by written contract dated February 8, 1897, it appointed appellee Moore its agent for the sale of road machinery in Indiana and a part of Illinois;

that appellees Hoover, Stinson, and Foster became the sureties for said Moore by signing a bond indorsed on the back of said contract, conditioned for the faithful performance by said Moore of the obligations imposed upon him by the contract with appellant; that Moore failed to remit and account for the proceeds of the sales made by him under the contract with appellant. Judgment for the amount so withheld is demanded against Moore and his sureties. Copies of the contract and bond and a bill of particulars showing the amount claimed are filed with and made a part of the complaint.

It is averred in the second paragraph of the complaint that by written contract of date above mentioned, the appellant appointed said Moore as its agent for Indiana; that appellees Hoover, Stinson, and Foster became sureties as aforesaid, but that long prior to said date said Moore had desired to represent appellant in the state of Illinois, as well as in Indiana, and had been negotiating with appellant on that subject; but that appellant at that time had promised a part of Illinois to other agents and could not tell what part of Illinois he would be able to assign to said Moore; that appellant prepared and sent to said Moore a contract in which was printed the following clause: "In and for the following named territory, viz., the State of Indiana and ————————;" that a blank was left after the word "and" of two and one-half lines of said printed form; that appellant told said Moore that as soon as it learned wha' part of Illinois it could assign him, a description of the part assigned would be inserted in the contract where the blank lines were left after the word "and"; that the contract in such condition with the bond, indorsed on its back, was signed by said Moore, and the bond was signed by his sureties and was so delivered to appellant; that thereafter, appellant having ascertained what part of Illinois it could assign said Moore, filled in at the request of said Moore and after the word "and" in said contract the following words:

"Illinois north of and not included in the counties of Adams, Pike, Scott, Morgan, Macoupin, Montgomery, Shelby, Coles, and Edgar."

It is averred that exhibit A filed with the complaint is a copy of the contract with the blank filled up as heretofore set out. The failure to comply with the terms of the contract in remitting money to the appellant is averred, and the same relief prayed for as in the first paragraph. Appellees Hoover, Stinson, and Foster separately demurred to the second paragraph of the complaint. The court held the second paragraph of the complaint insufficient as against a demurrer for want of facts. Appellees Hoover and Stinson answered jointly, and appellee Foster severally. These answers were in five paragraphs, a general denial and four special paragraphs. The averments of the answers were identical. Appellant's demurrer for want of facts to the last four paragraphs of each answer was overruled. Error is assigned only in the overruling of appellant's demurrer to the fourth paragraph. In the fourth paragraph of the answer of Hoover and Stinson, and in the fourth paragraph of the separate answer of Foster, it is averred that after the bond had been signed and delivered, the appellant, without the knowledge or consent of said appellees, altered and changed the contract between itself and said Moore by writing in and adding after the word Indiana that part of the state of Illinois which the contract contains. To these four paragraphs of answer appellant filed three paragraphs of reply, to the second and third of which demurrers for want of facts were sustained. The first paragraph was a general denial; the second paragraph avers that after the contract was made Moore applied for permission to sell in said part of Illinois in addition to Indiana, and that appellant gave such permission and consented thereto in writing, by inserting in the contract after the words "in the State of Indiana and" the words "Illinois north of" etc., and that such insertion was made for the purpose of giving and evidencing in writing its

consent that Moore might sell outside of the territory orig-
inally allotted.

The third paragraph of reply in its averments is very
similar to the second paragraph of the complaint, averring
the fact of appellant's inability at the time the contract was
made to determine what part of Illinois it would be able to
assign to Moore, and that it being the mutual desire of said
appellant and said Moore to go to work without delay, the
contract was executed to cover the State of Indiana, and the
blank left for the purpose of inserting therein whatever part
of Illinois it might be able to assign him, and that the sub-
sequent filling in of the blank at the request of said Moore
was for the sole purpose of complying with the original
negotiations.

The cause was submitted to the court for trial. There was
a finding and judgment in appellant's favor against appellee
Moore, and a finding and judgment in favor of the appellees
Hoover, Stinson, and Foster. The questions presented by
the rulings on the pleadings are, we think, properly resolved
into the following: (1) Under the terms of the contract,
was the alteration a material one? (2) Was the alteration
made by appellant such an alteration as appellant was, un-
der the form and terms of the contract, authorized to make
without the knowledge or consent of the sureties?

That a material alteration of the terms of a contract with-
out the consent of the surety will release the surety is a
proposition of law too well settled to need the citation of
authorities to sustain it. Equally well settled is the rule in
this State that the contract of a surety is *strictissimi juris*.
By the terms of the contract Moore was restricted in his
sales to the territory named therein. The words used in
the contract restricting him to "said territory" must mean
the territory named. He was not given the exclusive right
to the territory named with the power to go beyond, but was
given the exclusive right to the territory named and re-
stricted to "said territory." If other territory was added,
the presumption is that the sales under the changed contract

would be increased in proportion as the territory was enlarged, and as the sales increased so would the liability of the sureties increase. Counsel for appellant have failed to cite us to any authority or to give in their able brief any reason why such a change as the one made in the contract under consideration is not a material change.

. We come then to the next question, which involves the right of appellant to enlarge the scope of the contract by filling in words at the blank lines descriptive of other territory than that described at the time the contract was signed and the bond executed.

The contract described the territory as "The State of Indiana and ——," the blank space following the word "and" covering three lines of the printed contract. The sureties signing the bond are chargeable with notice of the existence of the blank lines at the time they signed the bond. They must know that appellant would have the right to fill up any blank necessary to make the contract a complete and enforceable one, but they, the sureties, also knew that the appellant could not add to or take from a contract already complete in its terms at the time it was signed by them, no matter how many blanks might be left unfilled. In this case the blank left for the description of the territory was filled by inserting the words "The State of Indiana and ——." Room was left on the blank lines of the contract after writing in these words, upon which the appellant could have described a continent, but the contract itself expressly provides that "this agreement contains the full understanding and is not to be affected by any verbal statement whatever." If it contained the full understanding the sureties certainly had a right to expect their liability to be measured by its terms as they existed at the time of signing. We think the true rule is laid down in the case of *Inhabitants of South Berwick* v. *Huntress,* 53 Me. 89, where it is said: "There seems to be a manifest distinction between the addition of new words, or the erasure of words and substitution of others, changing the liability

in an instrument perfect when signed, and the insertion of words to fill up blanks which the party signing knew must be filled up to make the bond or contract perfect in form or substance. In the one case it is in effect making a new contract; in the other it is but finishing and making perfect the contract agreed upon." In this case there is no question affecting the rights of innocent third parties, but in none of the decided cases do we find that a contract of any kind complete upon its face can be changed simply because spaces were left in it in such a manner as to permit its being changed. Thus in the case of *Burrows* v. *Klunk*, 70 Md. 451, 17 Atl. 378, 3 L. R. A. 576, it is said: "The indorser of a promissory note which is complete on its face, the sum payable, the date, the time of payment and name of payee, all being inserted, who delivers it to the maker, who is neither his agent nor his employe, to be carried to the payee, is not liable to a *bona fide* holder for value for the increased amount of the note if the maker raises it before delivering it, simply because spaces were left in the note in such a manner as to permit words and figures to be inserted, and thus increase the amount payable and readily deceive innocent third parties." These cases are not contrary to the decisions of our own courts. It is held in the case of *Geddes* v. *Blackmore*, 132 Ind. 551, that where one signs his name to a piece of blank paper intending that it should be filled up as a note, or indorsement, he is liable on the same, although the person to whom it was intrusted violated the confidence reposed in him by filling it up with another sum or using it for another purpose than the one intended. *Wilson* v. *Kinsey*, 49 Ind. 35; *Cornell* v. *Nebeker*, 58 Ind. 425. Also see, *Roberts* v. *Adams*, 8 Porter (Ala.) 297.

We must hold in the case at bar that the addition of more territory to the contract between appellant and Moore was a material and unauthorized change of the contract as it existed at the time the sureties executed the bond. This was the view taken by the lower court. We find no error.

Judgment affirmed.