Young v. Baker.

---

## YOUNG ET AL. v. BAKER ET AL.

[No. 3,605.    Filed May 23, 1902.]

BILLS AND NOTES.—*Alteration of Instruments.*—Changing a note payable generally by making it payable at a bank, in this State constitutes a material alteration. *p. 133.*

SAME.—*Alteration of Instruments.—Bona Fide Holder.*—The material unauthorized alteration of a promissory note renders it invalid in the hands of a *bona fide* holder as well as in the hands of the original payee. *p. 133.*

SAME.—*Alteration of Instruments.—Bona Fide Holder.*—Where a note executed without any agreement as to where it should be paid, contained blank spaces after the words "payable at" and "bank," and contained a clause waiving presentment and notice, the insertion of the name and location of a bank in the blank spaces by the payee, without authority from the makers, constituted a material alteration, and rendered the note invalid in the hands of a *bona fide* holder. *pp. 133-138.*

SAME.—*Alteration.—Assignment.—Notice.—Pleading.*—Where in an action on a note the defendant filed an answer of *non est factum*

on the ground that a material alteration was made in the note after its execution, an averment in the complaint "that afterwards, before the maturity of said note and for a valuable consideration" the payees assigned the note to plaintiff by an indorsement thereon in writing, is not equivalent to an averment that plaintiff had no notice of the alteration. *pp. 138, 139.*

From Knox Circuit Court; *G. W. Shaw,* Judge.

Action by William Baker against Marshall Young and others on a promissory note. From a judgment for plaintiff, defendants appeal. *Reversed.*

*W. A. Cullop,* for appellants.

*L. A. Meyer, B. M. Willoughby* and *J. M. House,* for appellee.

Roby, J.—The appellee's complaint was in three paragraphs, each of which was founded upon a promissory note, identical, except as to the time of payment; the first of the series being of the tenor following: "$533.33. Crawfordsville, Ind., March 25, 1896. October 1, 1897, after date, we, or either of us, promise to pay to the order of Thompson S. Bland, payable at the First National Bank of Vincennes, Ind., $533.33, value received, without any relief from valuation or appraisement laws, with interest at six per cent. per annum from date, payable annually until paid, and attorney's fees. The drawers and indorsers severally waive presentment for payment, protest, and notice of protest and nonpayment of this note." Each paragraph contained the averment that the payees, who were made defendants, indorsed said notes to the plaintiff before maturity, and for a valuable consideration. The appellants answered the complaint in two paragraphs. (1) Setting up that they did not execute the notes sued on, or either of them. This paragraph was verified and is sufficient as a plea of *non est factum. Swales* v. *Grubbs,* 126 Ind. 106. (2) General denial. No reply was filed. The cause was submitted to the court for trial. A general finding was made for the plaintiff, and a judgment rendered against the ap-

pellant for $1,309.67, from which this appeal is taken. Their motion for a new trial upon the ground, (1) that the finding is contrary to law, (2) that the finding is not supported by sufficient evidence, was overruled. Such action of the court is assigned for error. The evidence is in the record. It is not conflicting.

The notes were admitted in evidence without proof of appellants' signatures in the first instance, and without objection. The proof was supplied at a later time. Appellants were not harmed by the failure to make preliminary proof of signatures, the authenticity of which is admitted. It is shown by the uncontradicted evidence of the appellants that the words "The First National" and "Vincennes, Indiana" were not in the notes when they were signed, and that they did not authorize anyone to insert them thereafter. One appellant testified that he asked Gilligan, the agent selling the horse, "where the note was payable," and he said it would probably be sent to Vincennes; another appellant testified that he asked Gilligan where the notes were payable, and he said he supposed it would be at Bicknell. Appellant Sprinkle testified: "I asked where the notes were to be payable, and he said 'never mind Mr. Sprinkle; I will attend to that.'" Part of the appellants testified that they supposed they saw the word "bank" in the notes, and two of them testified that there was a blank space after the word "at" and before the word "bank," and also a blank space after the word "bank." Neither the extent of the space nor its appearance is mentioned. The other appellants have not at any time made any statement or request, given any direction, or had any information as to the notes being made payable at any place. There was no agreement that they were to be made payable at a bank. Appellee testified that he purchased the notes before maturity, paying for them a sum stated, that they were then in the same condition as at the time of the trial, and that he had no knowledge of any alteration. It is not shown whether there was or was not

anything on the face of the notes when he purchased them to suggest an alteration. The notes, when executed, were not payable at a bank in Indiana; they were payable generally; and it was the duty of the makers to seek them and pay them when due to the holders. *King* v. *Finch,* 60 Ind. 420; *Gale* v. *Corey,* 112 Ind. 39. They were negotiable by statute. §§7515, 7516 Burns 1901, §§5501, 5502 Horner 1901. The assignee would have taken them subject to whatever defense or set-off the makers had, before notice of the assignment, against the original payee or assignor. §7517 Burns 1901, §5503 Horner 1901. The notes sued upon were payable at a bank in this State, and negotiable by the law merchant; a *bona fide* purchaser before maturity without notice taking them free from equities between makers and payee. §7520 Burns 1901, §5506 Horner 1901. The alteration, making them payable in bank instead of generally, was therefore a material one. *Pope* v. *Branch Co. Savings Bank,* 23 Ind. App. 210; *McCoy* v. *Lockwood,* 71 Ind. 319; *Ballard* v. *Franklin Life Ins. Co.,* 81 Ind. 239; *Shanks* v. *Albert,* 47 Ind. 461; *Light* v. *Killinger,* 16 Ind. App. 102, 59 Am. St. 313.

The material and unauthorized alteration of a promissory note renders it invalid in the hands of the *bona fide* holder as well as in those of the payee. *Wood* v. *Steele,* 6 Wall. 80, 18 L. Ed. 725; *Cronkhite* v. *Nebeker,* 81 Ind. 319, 42 Am. Rep. 127; 2 Am. & Eng. Ency. of Law (2d ed.), p. 193; *Deitz* v. *Harder,* 72 Ind. 208; *Bowman* v. *Mitchell,* 79 Ind. 84; *Collier* v. *Waugh,* 64 Ind. 456; *Hert* v. *Oehler,* 80 Ind. 83; *Citizens Bank* v. *Adams,* 91 Ind. 280, 285. Appellee tendered an issue based upon notes payable at the First National Bank of Vincennes, Indiana. Failing to establish the execution of such notes, and it being affirmatively shown that they were not executed by the appellants, the finding should have been against him.

It is, however, claimed by him that the payee named in the notes had been authorized, as an agent of the makers,

to insert the name of the bank. In order to avoid confusion, and to determine the legal questions involved with clearness and accuracy, the proposition stated will be first considered as though it arose between the makers of the note and the payee, leaving the questions as to the right of the indorsee out of consideration at this time. The general proposition, to which there does not seem to be any dissent, is that a person who delivers a note for use with blanks unfilled, the filling of which is necessary to complete the instrument and render it operative, is thereby given implied authority to make such insertions as are necessary to form a complete and enforceable contract. *Good Roads, etc., Co.* v. *Moore,* 25 Ind. App. 479; *Angle* v. *Northwestern, etc., Ins. Co.,* 92 U. S. 330, 23 L. Ed. 556; *Gothrupt* v. *Williamson,* 61 Ind. 599; *Armstrong* v. *Harshman,* 61 Ind. 52, 28 Am. Rep. 665; *Holland* v. *Hatch,* 11 Ind. 497, 71 Am. Dec. 363; *Spitler* v. *James,* 32 Ind. 202, 2 Am. Rep. 334; *Emmons* v. *Meeker,* 55 Ind. 321; *Brown* v. *First Nat. Bank,* 115 Ind. 572; *De Pauw* v. *Bank,* 126 Ind. 553, 10 L. R. A. 46.

It is also equally well settled that the payee can not take from or add to a contract already complete in its terms any material condition, no matter how many blanks may have been left, contrary to the intention of the parties. *Good Roads, etc., Co.* v. *Moore, supra; Angle* v. *Northwestern, etc., Ins. Co., supra; McCoy* v. *Lockwood,* 71 Ind. 319; *Pope* v. *Branch Co. Savings Bank,* 23 Ind. App. 210; *De Pauw* v. *Bank, supra.* The notes as executed by appellants were complete. They contained the date, time of payment, amount, rate of interest, and were payable generally. It lacked nothing to make a complete and perfect contract. The mere fact that the form used was such that a different contract might have been made upon it could confer no implied authority upon the payee to act as the agent of the maker, and, thus acting, to create a different instrument more favorable to himself

than the one actually signed. *Casto* v. *Evinger,* 17 Ind. App. 298, 300; *Coburn* v. *Webb,* 56 Ind. 96, 26 Am. Rep. 15; *Palmer* v. *Poor,* 121 Ind. 135, 6 L. R. A. 469; *McCoy* v. *Lockwood,* 71 Ind. 319; *Burrows* v. *Klunk,* 70 Md. 451, 17 Atl. 378, 3 L. R. A. 576, 14 Am. St. 371.

In *Marshall* v. *Drescher,* 68 Ind. 359, the principal authority relied upon by appellee, the words "The First National Bank of Spencer, Indiana" were inserted after the printed word "at." The action was brought by an innocent purchaser for value, who had no notice of the alteration. A judgment in his favor was affirmed, the reason therefor being stated by the court in the following language: "We think the finding shows that the note was valid in the hands of the payee, notwithstanding the alteration, and, being so valid, was valid in the hands of the appellee, whether he had notice of the alteration or not."

One finding of fact was that the maker of the note directed the payee at the time to leave it at the bank named. The opinion further states that "The payee had implied authority, from the condition of the note, and *from the statement of the maker to leave it 'at the First National Bank of Spencer' for payment, to fill up the blank in the note as he did."* The authorities cited relate to the right of a *bona fide* holder for value to recover upon notes negligently executed, except the case of *Gothrupt* v. *Williamson,* 61 Ind. 599, where the question was between the payee and the maker; the note having been left blank as to amount, to whom payable, and where payable, and being therefore an incomplete instrument. The substance of the decision in *Marshall* v. *Drescher, supra,* is that the facts proved, as a matter of fact, establish the agency of the payee to make the insertion for the makers. The presence of a blank space was, in that case, as it is in the case at bar, one circumstance proper and necessary to consider as between the parties to the instrument in determining whether the change made was or was not authorized. It is not the only fact to be considered

in this case, any more than it was in that one. There the maker himself selected and named the bank where he desired the note made payable, and the implication of authority made was drawn from the facts enumerated in the opinion. This is the construction given the case by both the Supreme and Appellate Courts. *Pope* v. *Branch Co. Savings Bank*, 23 Ind. App. 210, 215; *Palmer* v. *Poor*, 121 Ind. 135. In this case the authority of the payee to insert the name of the bank is expressly denied, and no circumstances are shown from which it could be implied in the absence of such denial, except the mere fact that the person drawing up the note, whoever he may have been, omitted to draw his pen through the blank spaces therein, and the presence in the instrument of a clause waiving presentment and protest,—a clause not infrequently found in notes not payable in bank. As against these circumstances, and in addition to the testimony that no authority was given, is the fact that the payees were business men and stock dealers for a number of years; that the note in its original form left its makers, as all of the parties are presumed to have known, free to set up such equities as might exist between them and the payees, and that in its altered condition in the hands of a *bona fide* holder such defenses were cut off. If the parties intended the note to be made payable at the First National Bank of Vincennes, it is extremely probable that the name of that bank would have been inserted at that time. What inference might have been permitted in the absence of direct testimony is not important, an inference not being admissible to establish a fact which is disproved by direct and unequivocal testimony. Authority can not be implied to do an act which was understood should not be done. *Pope* v. *Branch Co. Savings Bank, supra.* That the mere leaving of a blank in a complete promissory note does not authorize the payee to insert terms therein changing the character of the obligation, is a proposition abundantly established in this State.

*Shanks* v. *Albert,* 47 Ind. 461; *Palmer* v. *Poor, supra;* *McCoy* v. *Lockwood,* 71 Ind. 319; *Schnewind* v. *Hacket,* 54 Ind. 248; *National Bank* v. *Zeims,* 93 Iowa 140, 146, 61 N. W. 483.

In *Palmer* v. *Poor,* 121 Ind. 135, a note payable in bank, in the hands of a third party, was held to have been vitiated by the insertion of the figure eight before the words "per cent. interest." If the presence of blanks were of controlling importance, it might as well have been held in that case that the payee was authorized to insert a legal rate of interest therein, as to hold that the entire character of this note might be altered by the insertion of the name of a bank, merely because there was room in the instrument, as signed, in which to make such addition. *Cronkhite* v. *Nebeker,* 81 Ind. 319, 42 Am. Rep. 127; *Holmes* v. *Trumper,* 22 Mich. 427, 7 Am. Rep. 661; *Collier* v. *Waugh,* 64 Ind. 456; *Hert* v. *Oehler,* 80 Ind. 83; *Eckert* v. *Louis,* 84 Ind. 99.

In *Gillaspie* v. *Kelley,* 41 Ind. 158, 13 Am. Rep. 318,— a case not cited by appellee,—a blank was left after the words "payable at," and before the words "bank at Frankfort," in which the name of a certain bank was inserted. The court there held it to be obvious, "not only from the face of the note, but from the evidence of the appellee, that the maker of the note in question intended to make the same negotiable and governed by the law merchant." What the evidence of the appellee was is not stated, but the note as signed contained the words "bank at Frankfort," tending to indicate an intention which does not appear in the case at bar. The court further said: "If the parties had intended to make an ordinary promissory note, and it had been complete as such when it was delivered to the payee, such payee would not have been authorized to insert words rendering it negotiable."

In *Cronkhite* v. *Nebeker, supra,* the authorities were reviewed and distinguished. The case of *Holmes* v. *Trum-*

*per, supra,* was liberally quoted from and approved. The opinion by Woods, J., contained the following concise statement of the proposition decided: "The exact question presented in this record is, whether the maker of a non-negotiable promissory note, perfect in its terms, by leaving a blank space in the body of the note wherein words of negotiability may be so inserted as not to furnish an indication of the alteration having been made irregularly, gives an implied authority for the making of the alteration, which, as against a *bona fide* purchaser, he may not deny." The following extract from *Holmes* v. *Trumper,* 22 Mich. 427, was made: "We think the courts have gone quite far enough in sustaining instruments executed in blank, and the implied authority to fill them up, and we are not disposed to take a step in advance in that direction." See, also, *Citizens Bank* v. *Williams,* 174 Pa. St. 66, 34 Atl. 303, 35 L. R. A. 464. The holding was that the authority to insert the name of a bank did not exist. The court further said: "There are cases in actual, and in seeming, conflict with the foregoing; but they are, in most instances, cases where the notes, as executed, were imperfect, the unfilled blanks being in such connection with the words used as to require the insertion of other words in order to complete the instrument as 'executed." If there is anything said in *Marshall* v. *Drescher,* 68 Ind. 359, inconsistent with the proposition decided in *Cronkhite* v. *Nebeker,* 81 Ind. 319, it is overruled by the later exposition of the law.

Assuming, without further discussion, that, as between the parties to the instrument, no authority to fill the blanks is shown, but that, indeed, such authority is negatived, the next logical step is to inquire what effect the indorsement of the note to the appellee is to be given. The allegation of the complaint was: "That afterwards, before the maturity of said note, and for a valuable consideration, the said Alexander Thompson and William P. Bland, by the style of

Thompson & Bland, assigned said note to this plaintiff, by an indorsement thereon in writing."

The complaint does not aver that the appellee had no notice of the alteration, and the allegation made is not equivalent thereto. *Bunting* v. *Mick,* 5 Ind App. 289, 293; *Gilberson* v. *Jolley,* 120 Ind. 301; *Pope* v. *Branch Co. Savings Bank,* 23 Ind. App. 210; *Bradley* v. *Wicker,* 23 Ind. App. 380. The appellee not having averred that he was a good-faith purchaser without notice, is attempting to sustain himself upon an issue not made. This he can not do, and the judgment will have to be reversed. It is not, therefore, necessary, nor, indeed, proper to discuss or attempt to decide questions which relate to the facts upon which appellee might be entitled to recover notwithstanding the alteration.

Attention is called to the following cases: *Brickley* v. *Edwards,* 131 Ind. 3, 6; *Emerson* v. *Opp,* 9 Ind. App. 581; *Baldwin* v. *Bricker,* 86 Ind. 221. *Bank* v. *Morgan,* 117 U. S. 96, 6 Sup. Ct. 657, 29 L. Ed. 811.

Judgment reversed, with instructions to sustain appellants' motion for a new trial, for further proceedings, with leave to reform issues if desired.

## DISSENTING OPINION.

COMSTOCK, C. J.—This action was commenced by appellee William Baker against the appellants and appellees, Thompson & Bland, on three promissory notes, each in the sum of $533.33. The appellants were sued as makers, and appellees Thompson & Bland as indorsers. All of the appellants filed a general denial; all but House filed a plea of *non est factum.* A trial resulted in a finding and judgment for plaintiffs in the sum of $1,309.67 against the appellants. No judgment was rendered against Thompson and Bland, appellees. Overruling appellants' motion for a new trial is the only error assigned. The reasons given for a new trial are: The finding of the court is contrary to law;

is contrary to the evidence; and is not sustained by suffi-
cient evidence.   The complaint avers that the notes were
made payable to the order of Thompson & Bland at the
First National Bank of Vincennes, Indiana, and that before
maturity they were, for a valuable consideration, assigned
by said payees, by indorsement thereon, to the plaintiff
Baker.

Counsel for appellants calls attention to the fact that the
notes in suit were introduced in evidence without proof
of the signatures of the appellants, and claims that for that
reason alone, inasmuch as the plea of *non est factum* made
such proof necessary before their introduction, there is not
sufficient evidence to support the judgment.   The record
fails to show that there was any objection made to the intro-
duction of these notes without the preliminary proof of the
signatures thereto.   Such proof would therefore be deemed
to have been waived.   However, each of the appellants testi-
fied to having signed them.   The failure to make the proof
at the proper time could not have harmed appellants.   As
passed upon by the trial court, the evidence showed that the
appellants had signed the notes.   The three notes in suit
are exactly alike except as to the time of their maturity.
Printed blanks were used with the date, amount, and place
of payment in blank.   There was a blank space in each of
the printed forms on which said notes were written, between
the printed word "at" and the printed word "bank," also
a blank space after the word "bank."   The blanks then be-
fore being filled out read as follows, viz.:   $———   ———
——————— after date we or either of us promise to pay to
the order of ——————— payable at ——————— bank
——————— value received without any relief from valua-
tion or appraisement laws, with interest at six per cent.
per annum from date, payable annually until paid and at-
torney's fees.   The drawers and indorsers severally waive
presentment for payment, protest, and notice of protest and
non-payment of this note.   ———————————

It is shown by the uncontradicted testimony of the appellants that, when they signed these notes, the words "First National," before the word "bank," and "Vincennes, Indiana," after said word, were not in the notes, and that they did not authorize any one to insert them. One of the appellants testified that he asked Gilligan, the agent selling the horse, where the note was payable. He said it would probably be sent to Vincennes bank. Another testified that he asked Gilligan where the notes were payable, and he said he supposed it would be at Bicknell. Another appellant, Robert W. Sprinkle, testified "I asked [without stating of whom] where the notes were to be payable, and he said: 'Never mind Mr. Sprinkle; I will attend to that.'" They all saw the word bank, and the blank spaces, but neither of the other appellants at the time of signing the notes, or at any time made any statement or request, or gave any direction as to where the notes were to be made payable. There was no agreement or understanding that they were not to be payable at a bank. Appellants do not testify that they did not intend to give a note payable at a bank.

In *Marshall* v. *Drescher,* 68 Ind. 359, suit was brought upon a promissory note made payable in a bank in this State against the maker. The evidence shows that, when the note was signed and delivered to the payee by the defendant, no place was designated where the same should be made payable; that, after the words "payable at," a blank was left in said note; that said blank was not scored or marred out when the note was executed, and when the payee was in the act of leaving the house of appellant, he asked the defendant where he must leave said note for payment, and defendant replied: "At the First National Bank at Spencer; that afterwards, without the knowledge or consent of the defendant, the said payee altered said note by inserting therein after the word 'at ————' the following: 'The First National Bank at Spencer, Indiana,' and then, before the said note was due, it was sold and transferred to one

William M. Moore, who was an innocent purchaser for value, who had no notice of the alteration made by the payee of said note, and that there was nothing upon the face of the said note to indicate that the same had been altered or tampered with; that subsequently, and after the note became due, the said Moore sold and transferred the said note to plaintiff, who took the same with the full knowledge of the defense set forth in the answer."

The expression of the court in that case seems to apply so directly to the case before us that we quote as follows: "It is plain that the above note had all the elements of commercial paper, negotiable by the law merchant, at the time the maker executed it, except filling the blank left to insert the name of the place at which it was made payable. The note, upon its face, imports that it was intended to be made negotiable, or the waiver of protest and notice would not have been inserted. The payee had implied authority, from the condition of the note, and from the statement of the maker to leave it 'at the First National Bank at Spencer' for payment, to fill up the blank in the note as he did. We think the finding shows that the note was valid in the hands of the payee, notwithstanding the alteration, and, being so valid, was valid in the hands of the appellee, whether he had notice of the alteration or not. The following authorities will support the rulings of the court below: *Hereth* v. *Merchants Nat. Bank,* 34 Ind. 380; *Riley* v. *Schawacker,* 50 Ind. 592; *Cornell* v. *Nebeker,* 58 Ind. 425; *Gothrupt* v. *Williamson,* 61 Ind. 599; *Woollen* v. *Ulrich,* 64 Ind. 120; *Noll* v. *Smith,* 64 Ind. 511, 31 Am. Rep. 131."

In *Gillaspie* v. *Kelley,* 41 Ind. 158, 13 Am. Rep. 318, a blank was left after the words "payable at," and before the words "bank at Frankfort," in which the name of a certain bank was inserted. The court held it to be obvious, not only from the face of the note, but from the evidence of the appellee, that the maker of the note in question intended to make the same negotiable and governed by the law merchant.

The case at bar can not be distinguished from *Marshall* v. *Drescher,* 68 Ind. 359; *Gillaspie* v. *Kelley, supra.* In neither of the foregoing cases was the bank where payable named.

Appellee gave value for the notes upon their face governed by the law merchant, before maturity and without notice of any alteration therein. When executed they contained provisions usually set out in notes payable in bank, and not usually contained in those not payable in bank. When executed they were incomplete commercial paper. There is nothing, as we are advised by the record, about the notes themselves, or the circumstances attending their sale, to excite suspicion in the mind of a reasonably cautious person. The notes were in the usual form; no interlineations to indicate that the words fixing the place of payment were written at a different time or in a different handwriting than the balance of the written portion of the note. There is nothing to indicate that the indebtedness of which the notes were the evidence was not due or that the notes were obtained by artifice or fraud. It is a proposition of common acceptance that, when one of two parties must suffer, the loss should be sustained by him who has given the confidence and thus enabled the fraud to be perpetrated. In the case before us there was sufficient space left to complete the notes by making them negotiable by the law merchant. When purchased before maturity in good faith, they were perfect in form. The act of the makers enabled the payees to put the paper in the form in which it was purchased. It appears that appellants made payments on each of the notes in suit. They were indorsed on the notes, and were presumably so paid before the transfer. Upon the first note they paid $333.34; upon the second, $183.32; upon the third, $316.66. Appellee Baker testified that he bought the notes before their maturity, paying therefor $825; that at the time they were worth a little over $900; that the words "First National" and "Vincennes, Indiana" were in each

of them when he bought them; that he had no knowledge of any change having been made in them.

The laws of this State, as announced by the Supreme and this Court, with reference to the purchase of negotiable paper before maturity, is, that if there is anything about the paper itself, or the circumstances attending its presentation for discount, calculated to excite suspicion in the mind of a reasonably prudent person, it is the duty of the purchaser to make inquiry of its genuineness; otherwise not. *Tescher* v. *Merea,* 118 Ind. 586; *Citizens Bank* v. *Leonhart,* 126 Ind. 206; *Hankey* v. *Downey,* 3 Ind. App. 325; *National Ex. Bank* v. *Berry,* 21 Ind. App. 261; *Pope* v. *Branch Co. Savings Bank,* 23 Ind. App. 210.

As set out in the complaint, the notes are governed by the law merchant. Without the name of the bank they are not. A change of a non-negotiable note, which makes it negotiable by the law merchant, is a material one. Had the parties intended that the note should be made payable in bank, there would be no question as to the right of the payee to have made them so payable. There was no expressed intention on the subject. The intention of the parties was a question of fact to be determined by the court upon the evidence. The trial court in view of the blanks left in the notes, the absence of instructions, and the subsequent payments made upon them, was not without evidence sustaining the conclusion that appellant impliedly consented to the addition alleged to have been made.

I can not agree with the majority opinion. The judgment should be affirmed.